CASE 58—PETITION ORDINARY—MAY 29.

# City of Owensboro v. Sparks.

| 99  | 351 |
| 122 | 409 |

| 99   | 351 |
| j131 | 41  |

APPEAL FROM DAVIESS CIRCUIT COURT.

1. WRIT OF PROHIBITION—WHEN TO BE ISSUED IN CRIMINAL CASES.—
Under the provisions of section 25 of the Criminal
Code authorizing the circuit court by writ of pro-
hibition to "restrain all other courts of inferior jurisdic-
tion in the limits of the county from exceeding their criminal
jurisdiction," the circuit court is not authorized to issue a writ
prohibiting the police court of a city from proceeding in a prose-
cution for the violation of an invalid ordinance, the police court
having jurisdiction of the offense described in the ordinance and
the penalty therefor.

2. PRACTICE—METHOD OF TESTING VALIDITY OF MUNICIPAL ORDIN-
ANCE.—In the absence of any express provision by statute for
testing the validity of municipal ordinances, the proper method
of so doing is by appeal from the judgment of the police court,
and the appeal must be prosecuted in the manner provided in
other cases.

3. CONSTITUTIONAL LAW—WHEN MUNICIPAL ORDINANCE MAY FIX
DIFFERENT PENALTY FROM THAT PROVIDED BY STATUTE.—When
a municipal legislative board is authorized by statute to pass an
ordinance affixing a penalty for the violation thereof, it may in
its discretion fix the penalty at any sum within the jurisdiction
of the police court, provided it is not less than the penalty fixed
by statute for the same offense. Thus where the penalty fixed by
statute for gaming is "not less than twenty dollars nor more
than one hundred dollars," and the penalty fixed by the ordin-
ance is "not less than fifty nor more than one hundred dollars,"
the ordinance is not in conflict with section 168 of the Constitu-
tion, which prohibits municipalities from fixing by ordinance a
penalty "for a violation thereof at less than that imposed by
statute for the same offense."

4. POWER OF MUNICIPALITY TO CREATE OFFENSES AND FIX PUNISH-
MENTS THEREFOR MUST BE EXPRESSLY CONFERRED BY STATUTE.
—A board of council has no authority to create offenses by ordin-

ance and enforce penalties for violating them, without the statutory authority to do so is plainly conferred upon it.

The provision in a city charter giving the board of council the right to pass ordinances "to prohibit and suppress all gambling houses" does not include the authority to pass an ordinance to punish gaming.

POWERS & ATCHISON AND LaVEGA CLEMENTS FOR APPEL-
LANTS.

1. A municipal corporation may by ordinance impose a greater pen-
alty for an offense within its jurisdiction than is imposed by
statute for the same offense. (Sec. 168 Cons.; March v. Common-
wealth, 12 B. Mon., page 25.)
2. A municipal corporation may pass an ordinance regulating an
offense where there is a statutory penalty already prescribed
when conferred by the legislature in specified and defined terms.
(Sub-section 12 of section 29 Charters 3d Class Cities; Dillon
on Municipal Corporations, sec. 328, 4th edition; Dillon, page 406;
Huddleson v. Ruffin, 6 Ohio St., 604; Rogers v. Jones, 1st Wend.,
N. Y., 237; State v. Welsh, 36 Conn., 215.)
3. A circuit court has no power to issue a writ of prohibition against
an inferior court when that inferior court has jurisdiction of the
person and subject matter upon which it is acting.

C. S. WALKER FOR APPELLEE.

1. A municipal corporation has no power to inflict a greater penalty
for an offense than is inflicted by the Commonwealth.
2. An ordinance must be in perfect subordination to the general laws
of the land. (Cooley's Con., Lim., 6th Edition, page 239;
Ky. Stats., section 3290, sub-sec. 13 and 16.)
3. A general grant of power does not confer authority upon the cor-
poration to make an ordinance punishing an act which is pun-
ishable as a criminal offense by the laws of the State. (1st Dil-
lon on Municipal Corporations, 4th Edition, 368; City of Charles-
ton v. Barber, 54 Iowa, 360; 37 Am. Rep., 209.)

JUGDE LANDES DELIVERED THE OPINION OF THE COURT.

The board of council of the city of Owensboro, which is a city of the third class, passed an ordinance, which was approved June 4, 1894, designated as "Ordinance No. 50," for

the purpose of punishing gaming in the city, and which is as follows: "That any person or persons who shall, in or on any house-boat, float, tenement, of such house-boat, float or premises, or shall on any of the streets, alleys, sidewalks or public grounds of the city, engage in any game of hazard, at which money or property is bet, won or lost, such person or persons engaged in such game or games shall each be fined for each game thus played not less than fifty nor more than one hundred dollars."

In the following August the appellee, who was charged with violating the said ordinance, was arrested by virtue of a warrant issued by the police judge of the city of Owensboro, and brought before the police court to answer the charge. A demurrer to the warrant was entered by him, which was overruled by the court, and the court having set the case for trial, the appellee brought suit in the Daviess Circuit Court against the city and the judge of the police court, seeking to prohibit them from proceeding against the appellee under the ordinance, with alleged ground that the police court had no jurisdiction to enforce the ordinance, which it was alleged, was passed by the board of council without constitutional or legislative authority, and was, therefore, null and void.

At the commencement of the action the judge of the circuit court issued a temporary order or writ of prohibition, and, on final hearing of the case, adjudging that the ordinance was passed without authority, and that it was invalid, perpetuated the order of prohibition, and adjudged the costs of the action against the appellants, and that judgment is before us on this appeal.

We have not been able to find in the act for the government of cities of the third class or in the Kentucky Statutes

any special provision for testing the validity of ordinances passed by the municipal legislative board. In the absence of such provisions with reference to ordinances of cities of this class, the only method for testing the validity of any such ordinance is that of appeal from the judgment of the police court enforcing it, and such appeal must be prosecuted in the way provided for prosecuting appeals in other cases.

Section 25 of the Criminal Code authorizes the circuit court of any county by writ of prohibition to "restrain all other courts of inferior jurisdiction in the limits of the county from exceeding their criminal jurisdiction."

But this remedy is not applicable in this case because under the statute (Kentucky Statutes, section 3359) the police court of the city of Owensboro has "concurrent jurisdiction with the justices of the peace of all violations of the laws of the Commonwealth occurring within the corporate limits of the city." And justices of the peace have jurisdiction, exclusive of circuit courts, "in all penal cases, the punishment of which is limited to a fine not exceeding twenty dollars;" and jurisdiction concurrent with circuit courts "of all penal cases, the punishment of which is limited to a fine not exceeding one hundred dollars, or imprisonment not exceeding fifty days, or both." (Kentucky Statutes, section 1093.)

The statute punishing gaming (Kentucky Statutes, section 1977), which is manifestly the same offense which the ordinance in question was intended to apply to, is as follows: "If any person or persons shall engage in any hazard or game on which money or property is bet, won or lost, such person or persons shall be subject to a fine of not less than twenty dollars nor more than one hundred dollars."

City of Owensboro v. Sparks.

It is clear that the violations of this statute, committed within the limits of the city of Owensboro, are within the jurisdiction of the police court of the city; and that the police court was not exceeding its criminal jurisdiction, conferred by statute, in proceeding with the trial of the offense charged in the warrant against the appellee. It is true that the proceedings were in the name of the city of Owensboro, and, conceding the ordinance to be invalid under the statute denouncing a penalty against the offense charged in the warrant, the proceedings ought to have been in the name of the Commonwealth (Kentucky Statutes, section 3360). But the offense charged was the offense denounced by the statute, of which the police court had jurisdiction, and the prosecution in the name of the city, and not in the name of the Commonwealth, is an error which might have been corrected by appeal. In such cases the remedy by writ of prohibition is not applicable, and for this reason the judgment of the court below must be reversed.

But the important question is presented as to the power of the board of council to pass the ordinance referred to, which ought to be settled. It is contended that the ordinance is invalid because the penalty provided *exceeds the penalty* provided by the statute for the same offense, which it is claimed is opposed to the provisions of section 168 of the Constitution. That section prohibits municipal corporations from fixing by ordinance a penalty "for a violation thereof at *less* than that imposed by statute for the same offense."

In this case the penalty fixed by statute for gaming is "not less than *twenty* dollars nor more than one hundred dollars;" and the penalty fixed by the ordinance is "not less than *fifty* nor more than one hundred dollars." This is not

prohibited by the Constitution, and under its provisions, where a municipal legislative board is authorized by statute to pass an ordinance affixing a penalty to the violation thereof, it may, in its discretion, fix the penalty at any sum within the jurisdiction of the police court, provided it is not less than the penalty provided by statute for the same offense (Kentucky Statutes, section 3364 and section 3294, chapter 22). This ground of objection, therefore, can not be entertained.

Another ground of objection is that the municipal legislative board has no statutory authority to pass the ordinance, and this objection, we think, is well taken.

By the act for the government of cities of the third class we do not find that the boards of council of such cities have the authority to pass ordinances punishing gaming, which is fully covered by the statute quoted. They have the authority "to prohibit and suppress all *gambling houses*" (Kentucky Statutes, section 3290, chapter 13). This clause also authorizes the board of council of such cities "to prohibit and suppress" bawdy houses.

Under this provision we held in recent case of City of Owensboro v. Simms, 17 Ky. Law Rep., 1393, that the board of council of the city of Owensboro was empowered to pass the ordinance contested in that case, the object of which was to suppress bawdy houses; but in this case the ordinance is not to prohibit and suppress "gambling houses," but to punish gaming, which is not embraced in the authority conferred by the clause referred to, nor by any other provision of the act that we have been able to find or that has been referred to by counsel. Without statutory authority plainly conferred the board of council of cities of the third

·class can not create offenses by ordinance, and enforce pen-alties for violating them.

For the reasons indicated, however, the judgment is re-versed and cause remanded with directions to dismiss the petition.

CASE 59—PETITION EQUITY—MAY 2.

|  99  357|
|e113  617|

|  99  357|
|119  802|

  99      357
129        95