White v. Commonwealth.

CASE 45.—PROSECUTION AGAINST JOHN D. WHITE FOR GAMING.—March 20.

# White v. Commonwealth

Appeal from Madison Circuit Court.

J. M. BENTON, Circuit Judge.

Defendant convicted and appeals. Reversed.

1. Gaming—City Ordinance Prohibiting—Jurisdiction of Police Judge—Constitutionality—Under Kentucky Statutes, section 3490, and the subsections thereunder, the council of cities of the fourth class is authorized to pass an ordinance punishing persons who engage in games of chance in said cities at which money or property is bet, won or lost, and such ordinance is not in conflict with the Constitution or laws of this State or of the United States, and under section 3513, Kentucky Statutes, the police judge of the city has jurisdiction to enforce such ordinance.

2. Indictment—Same Offense—Plea in Bar—In an indictment against W. for gaming in the county of M., a plea in bar by W. that he was tried and convicted of the same game before the police judge of the city of R., in said county, under an ordinance of said city against gaming was a good plea and should have been sustained.

JACKSON & ROBERTS and H. C. Rice for appellant.

We submit that the former trial and conviction of the defendant in the police court of Richmond Ky., in the same county, is .

a complete bar under section 168 of the Constitution, said trial being in the name of the Commonwealth; the warrant charging the plain offense of gaming, over which the police court had jurisdiction by section 3513, Kentucky Statutes, and by reason of an ordinance of said city in the language of the statute imposing the same penalty for the same offense. (Commonwealth v. Wickersham, 99 Ky. 21; Moren v. Commonwealth, 25 Ky. Law Rep., 1042.)

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

The appellant, White, was indicted at the October term, 1904, of the Madison Circuit Court for the offense of gaming, denounced by section 1977, Ky. Stats. 1903. A plea of former trial and conviction was entered in bar of the prosecution under the indictment.

There appears to be no controversy as to the facts with reference to the former prosecution and conviction. It was agreed that prior to the finding of this indictment the appellant was arrested, put under bond for his appearance, tried and convicted in the police court of Richmond, Ky. (a city of the fourth class), on the 18th day of April, 1904, for engaging in a game of chance, and the game for which he was indicted is the game for participation in which he was fined in the police court as stated, notwithstanding his plea, and these agreed facts, the court found him guilty, and adjudged that he should pay a fine of $60, and cost of the prosecution.

There is not anything in the record showing for what reason the court adjudged the appellant's plea in bar insufficient, and we are at a loss to understand why the court refused to sustain the plea, unless it was because the court was of the opinion, under the authority of the case of the City of Owensboro v.

Sparks, 99 Ky. 352, 18 Ky. Law Rep. 269, 36 S. W. 4, that the council of fourth-class cities did not have the power and authority to pass an ordinance to suppress gaming, at which money or property was bet, won, or lost. The council of fourth-class cities is expressly authorized to pass ordinances not in conflict with the Constitution or laws of this State or the United States. See subsection 1 of section 3490, Ky Stats., 1903. And by subsection 24 of the same section it is authorized to fix by ordinance the penalty for the violation of the provisions of the charter or any municipal ordinance, or by-law, that it might pass, which was not in conflict with the laws of the State or the United States, and by subsection 33 it is provided: "that the city council shall have legislative power to make by-laws and ordinances for the carrying into effect of all the powers herein granted for the government of the city, and to do all things properly belonging to the police of incorporated cities."

In our opinion the passage of an ordinance to punish persons who engage in games of chance, at which money or property is bet won, or lost, is not in conflict with the Constitution or laws of this State or of the United States, but, on the contrary, is in harmony therewith, and is one of the things necessary to be done to properly "police" the city. It is further provided by section 3513 of the Kentucky Statutes of 1903, that the police judge of fourth-class cities shall have jurisdiction of many offenses, naming them, and embraces the following language: "or immoral behavior or conduct calculated to disturb the peace and dignity of the town, * * * all of which are declared to be misdemeanors, for

which fines or imprisonment, or both, may be pre-
scribed by ordinance."

In our opinion it would be unreasonable to hold
that the General Assembly in the enactment of the
charters governing cities of the third and and fourth
classes intended to restrict the council of such cities
from enacting ordinances punishing persons guilty
of gaming, disturbing lawful assemblies, or religious
worship, working on Sunday, keeping open saloon,
or other business houses on Sunday, selling
or giving liquor to minors, or any sale of
liquor in violation of law, and many other
offenses not necessary to mention, which are not
specially mentioned in such charters, and the
suppression of which is so essential to the
peace, dignity, and proper government of all towns
and cities. In the charter of cities of the third class
it is expressly provided, that the council should make
all police regulations to secure and protect the gen-
eral health, comfort, convenience, morals, and safety
of the public. In our opinion this language gives the
council power and authority to enact all ordinances
necessary to effectuate those purposes, restricted
only by the Constitution and laws of the State and
United States. This court in considering the case of
City of Owensboro v. Sparks, supra, must have over-
looked these provisions of the charter, and that
case, to the extent it conflicts with the views herein
expressed, is overruled. .It therefore follows that
the lower court erred in adjudging that appellant's
plea of former conviction, under the ordinance, was
insufficient. The Constitution of the State (section
168) provides that: "No municipal ordinance shall
fix a penalty for violation thereof at less than that

imposed by statute for the same offense. A conviction or acquittal under either shall constitute a bar to another prosecution for the same offense.''

There is another reason why appellant's plea should have prevailed. Section 3513 of the statutes, in defining the powers of the police court of cities of the fourth class, provides, among other things: ''And shall have original concurrent jurisdiction, within the limits of the city, of all offenses within the jurisdiction of justices of the peace.'' And section 1093 defining the jurisdiction of justices of the peace, in penal cases, gives them concurrent jurisdiction with circuit courts of all penal cases, the punishment of which is limited to a fine not exceeding $100 or imprisonment not exceeding 50 days, or both. Thus the Richmond police court had concurrent jurisdiction with the circuit court in this case, where the punishment was a fine from $20 to $100. There is a distinction between the case at bar and the case of the city of Owensboro v. Sparks, supra. In that case there was a reversal upon the ground that the warrant was issued in the name of the city alone, and not in the name of the Commonwealth. In this case the warrant under which White was tried and convicted was issued in the name of Commonwealth, and charged a violation of the State law. It is true that it was recited in the warrant that the prosecution was for the benefit of the city. If the ordinance of the city had been void this language would have been surplusage, and would not have deprived the police judge of his jurisdiction to try the case, under the State law, and the fine would have legally gone to the State instead of to the city. This was a question, however, with refernce to which the appellant had

no interest. It was solely a matter between the city and the State.

For these reasons the judgment of the lower court is reversed, and the cause remanded for further proceedings consistent herewith.