## Wood, et al. v. Deatherage, County Clerk.

(Decided October 28, 1919.)

### Appeal from Carroll Circuit Court.

1. Statutes—Construction of—Contradictory Provisions.—Where a statute contains contradictory or conflicting provisions or sections

it will, if possible, be so construed as to make a harmonious whole and so as to give meaning and effect to all parts of it.

2. Statutes—Construction of—Effect on Act of Qualifying Clause in One Section.—Where an act relating to elections contained several sections and in the last clause there was a sentence exempting from its operation certain specified elections this exempting provision should be read into and as a part of all the other sections of the act.

3. Elections—Absent Voters—What Elections May Vote In.—Under the act of 1918 that may be found in sections 1456, 1465, 1496a-15, volume 3, Kentucky Statutes, "absent voters" cannot vote in municipal or school elections.

4. Elections—Certificates or Petitions for Nomination—Time When Must be Filed With Clerk.—Certificates and petitions of nomination except of candidates for municipal offices and in school elections must be filed with the clerk not less than forty-five days before the election; but certificates of nomination of candidates for municipal and school offices may be filed fifteen days before the election.

J. A. DONALDSON & SON for appellants.

W. B. MOODY, WINSLOW & HOWE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL— Overruling motion to dissolve injunction.

More than fifteen days but less than forty-five days before November 4, 1919, G. G. Wood and five other persons tendered to William Deatherage, the county clerk of Carroll county, their petitions prepared in conformity to the statute and requested him to place their names on the ballot under an appropriate device as independent candidates for councilmen in the city of Carrollton, a city of the fourth class, to be voted for at the general election on November 4. The clerk refused to file the petitions or to have the names of the petitioners put on the ballot because they had been tendered to him less than forty-five days before the day of the election.

After his refusal the petitioners brought a suit against the clerk asking a mandatory injunction compelling him to receive and file the petitions tendered by the petitioners and have their names printed on the official ballots. This motion for a mandatory injunction having been heard by the circuit judge for the district, he granted the injunction prayed for and thereupon the county clerk has brought the matter before me asking a dissolution of the injunction.

The only question before me for decision is—must a petition to be placed on the ballot in a municipal election be filed with the clerk not less than forty-five days before the day on which the election is to be held? and the disposition of this question calls for a construction of an act passed at the 1918 session of the legislature (see Acts 1918, page 106) that may be found in volume 3 of the Kentucky Statutes, pages 297-308.

Previous to the enactment of this law it was provided by section 1456 of the Kentucky Statutes, which is a part of the general election law of the state, that "certificates and petitions of nomination herein directed to be filed with the clerk of the county shall be filed not more than sixty and not less than fifteen days before the election." But this section, as well as other sections of the election law, was amended and re-enacted by the act mentioned, the title of which reads:

"An act to amend and re-enact sections 1456, 1457, 1459, 1462 and 1465, Kentucky Statutes (Carroll's edition 1915), relating to elections, subhead how conducted, declaring who is an 'absent voter,' permitting him to register, and to vote in all general elections, except for municipal officers, members of school boards and trustees of common schools, and providing a method therefor, and fixing penalties for a violation thereof."

Under this title section 1456 was so amended and re-enacted as to make it read on the point under consideration: "Certificates and petitions of nomination herein directed to be filed with the clerk of the county shall be filed not more than seventy-five and not less than forty-five days before the election." The act also contains other sections amending and re-enacting sections 1457, 1459, 1462 and 1465 of the Kentucky Statutes.

Sections 6-19 inclusive of the act were new sections making provision for the voting of "absent voters" at elections and prescribing certain penalties for a violation of the statute. Section 20, the last section in the act, reads as follows: "All laws or parts of laws inconsistent or in conflict with the provisions of this act, are hereby, to the extent of such inconsistency or conflict, repealed. But the provisions of this act shall not apply to elections for municipal officers, members of school boards or trustees of common schools."

It will be observed that the title of the act after purporting to amend and re-enact sections 1456, 1457, 1459, 1462 and 1465 of the Kentucky Statutes relating to elections continues: "Subhead how conducted, declaring who is an 'absent voter,' permitting him to register, and to vote in all general elections, except for municipal officers, members of school boards and trustees of common schools, and providing a method therefor, and fixing penalties for a violation thereof." And that section 20 of the act, after repealing all laws or parts of laws inconsistent or in conflict with it, declares that "the provisions of this act shall not apply to elections for municipal officers, members of school boards or trustees of common schools."

The only purpose of this act was to make provision for allowing "absent voters" to vote at elections except elections for "municipal officers, members of school boards and trustees of common schools," and should have been made the subject of a new and independent statute under a title reading: "An act making provision for permitting 'absent voters' to vote at all elections except for municipal officers, members of school boards and trustees of common schools." With a title like this there could have been put in appropriately worded sections everything that is contained in the act as it is and the old sections of the Kentucky Statutes relating to elections would have remained as they were and there would have been no confusion or uncertainty.

That it is a badly arranged, awkwardly written and confusing piece of legislation may be readily admitted, and it might also be said that it is a fair specimen in this respect of many acts that come from the legislature. It is acts of this character that involve parts of the statutory law of the state in great uncertainty and that put on the courts the unsought for as well as undesirable necessity of trying to reconstruct them so that they may be understood and enforced.

But the obscure and contradictory condition in which legislation sometimes comes from the hands of the law making power will not invalidate it or defeat its purpose unless it conflicts with some provision of the Constitution, if it can be so construed as to make it intelligible, harmonious and workable.

With the settled rule of construction in mind that no act shall be declared invalid or its purpose defeated if it can be so construed as to make it an intelligible and harmonious whole, no part of this very important act should be declared invalid on account of the uncertain and contradictory provisions it contains, if its provisions can be so construed as to confine them to all general elections except for municipal officers, members of school boards and trustees of common schools, leaving this class of elections to be controlled and regulated by the old statute.

Reading now the whole act together there must always be kept in view the last sentence in section 20 declaring that "the provisions of this act shall not apply to elections for municipal officers, members of school boards or trustees of common schools," and these words must be treated as if they were a part of sections 1456, 1457, 1459, 1462, 1465 as amended and re-enacted by the act.

Unless the last sentence in section 20 is so read and considered it would have no meaning or effect at all, and the result would be that in elections for municipal officers' certificates and petitions of nominations must be filed at the time specified in the act. But we know of no rule of construction that would authorize us to eliminate from this act the material qualification contained in the last sentence of section 20 when by a very liberal construction the act can be upheld and meaning and effect given to all its provisions by reading into the other sections the qualifying clause found in section 20. When so read and construed sections 1456, 1457, 1459, 1462, and 1465 as they appear in the Kentucky Statutes remain in full force and effect so far as elections for municipal officers, members of school boards and trustees of common schools are concerned.

It was necessary in order to make provision for "absent voters" to make the changes indicated in section 1456 as well as the other sections, but plainly it was not intended by the author of the act or the legislature to make applicable to the elections excepted from its provisions the changes made in the old law. There was no reason why the old law should not be permitted to stand as to elections for municipal officers and for school pur-

poses because "absent voters" are not permitted to vote
in this class of elections.

It is urged by counsel for the county clerk that this
act on its face and by its terms repeals unqualifiedly the
sections of. the old statute referred to and therefore it
is said that there is now no section of the statute per-
mitting certificates and petitions of nomination to be
filed fifteen days before the election. This argument would
be unanswerable except for the provision in section 20
which saves section 1456 and the other sections amended
from the peremptory effect the language of the act in
particular reference to these sections would have, but
when there is added by construction to each of these sec-
tions the saving clause in section 20 the sections of the
old statute as amended do not have the broad meaning
contended for by counsel or that their words would im-
ply.

It is further insisted that the words "except for muni-
cipal officers, members of school boards and trustees of
common schools" in the title of the act only prohibit "ab-
sent voters" from voting in this class of elections and
should be so limited. Accordingly it is said that the ex-
ception of elections concerning municipal officers and
school affairs should not be extended so as to apply to
or become a part of sections 1456, 1457, 1459, 1462 and
1465 of the Kentucky Statutes.

The title of the act, however, is we think sufficient.
It states very clearly that the purpose of the act is to
amend and re-enact the sections of the Kentucky Statutes
mentioned in the title and to permit "absent voters" to
vote in all general elections excepting those described
in the title. The title is not misleading or deceptive, and
the body of the act only relates to one subject, "absent
voters," and that is expressed in the title when read in
connection with the act.

Judges Hurt, Settle and Sampson heard this motion
with me and concur in what I have written.

The motion to dissolve the injunction is overruled.