## Commonwealth v. Vanmeter.

(Decided April 27, 1920.)

### Appeal from Montgomery Circuit Court.

1. Highways—Public Highway—To What Word Refers.—The word public highway as used in section 1308, Ky. Stats., refers to highways, without the limits of cities and towns, and not to the streets within cities and towns.

2. Statutes—Construction.—A statute should be construed, if practicable, to make all of its provisions harmonious, and to remove repugnancies in it.

CHARLES I. DAWSON, Attorney General, THOMAS B. McGREGOR, Assistant Attorney General, and W. C. HAMILTON, Commonwealth's Attorney, for appellant.

JOHN G. WINN for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

The appellee, Manuel Vanmeter, was indicted by the grand jury of the Montgomery circuit court, on the 28th day of October, 1919, for the offense of discharging a deadly weapon on a public highway, other than in the defense of his person or property. This offense is one denounced by section 1308 Kentucky Statutes, which is as follows:

"If any person shall draw a deadly weapon upon another, or shall point a deadly weapon at another, or shall hold or flourish whether said weapon shall be loaded or unloaded, or use in a threatening or boisterous manner, or shall on a public highway or at any school assembly, place of public worship or business, or in going to or from any place of public worship, fire or discharge, except in self-defense, or defense of property, a deadly weapon, he shall be deemed guilty of a misdemeanor and upon conviction shall be fined not less than fifty nor more than one hundred dollars, or imprisoned not less than ten nor more than fifty days or both."

The act, which constituted the offense, for which the indictment was returned, was committed by the appellee, on the fifth day of September, 1919, by discharging a pistol, at random, and not in defense of his person nor of his property, on Main street, in the city of Mt. Sterling. At the time of the occurrence there was an ordinance of the city, in full force and effect, which was as follows:

"Section 53. No person, except a gunsmith or person with a license on his own premises, shall shoot off a gun, pistol, gum sling, air gun or flobert rifle, within the city limits of Mt. Sterling, unless necessary for the protection of person or property; provided this does not apply to officers in discharge of duty, under a penalty not exceeding ($20.00) twenty dollars."

Vanmeter was charged with a violation of the above ordinance in the police court, of the city, in a prosecution in the name of the Commonwealth of Kentucky, for the use and benefit of city of Mt. Sterling, and under a charge of "shooting in the city limits," and was tried and adjudged to be guilty of a violation of the ordinance, and fined the sum of twenty dollars. When he was required to answer the indictment against him, he entered a plea of a former trial and conviction. The act for which he was indicted, and the one constituting the offense for which he was tried and convicted, as for a violation of the ordinance, was one and the same. The circuit court adjudged that the plea of a former trial and conviction was a good defense to the indictment and ordered it to be dismissed.

From the judgment the Commonwealth's attorney has appealed and insists that the judgment is erroneous, upon the ground, that the ordinance for a violation of which Vanmeter was convicted is void, because, as insisted, it is in violation of section 168 of the Constitution, which provides as follows:

"No municipal ordinance shall fix a penalty for a violation thereof at less than that imposed by the statute for the same offense. A conviction or acquittal under either shall constitute a bar to another prosecution for the same offense."

It will be observed that the statute, section 1308, *supra*, provides a penalty for discharging a deadly weapon upon a public highway, at a fine of not less than fifty dollars, nor more than one hundred dollars, or imprisonment for a period not less than ten days, nor more than fifty days; while the ordinance, for a violation of which Vanmeter was convicted, fixes the penalty for unlawfully discharging firearms within the limits of a town or city at a fine of not exceeding twenty dollars, and hence, if the offense for which Vanmeter was convicted was the same offense as unlawfully discharging a deadly weapon on a public highway, denounced by sec-

tion 1308, *supra,* there could be no question as to the invalidity of the ordinance under which he was convicted and the void character of the proceedings under the ordinance. Burdette v. Board of Council, etc., 125 S. W. 275; Taylor v. Com., 98 Ky. 271; Keiper v. City of Louisville, 152 Ky. 691; City v. Sparks, 99 Ky. 351; City v. Holly, 108 Ky. 621.

It is apparent, however, that the offense for which the ordinance fixes a penalty of a fine not exceeding twenty dollars, is not the offense of discharging a deadly weapon upon a public highway, denounced by section 1308, *supra,* but, it is the offense of discharging firearms within the limits of a city or town, which is denounced by section 1347, Kentucky Statutes, and which provides as follows:

"Section 1347. Discharging firearms in city, or town. If any person shall shoot or discharge firearms in a city or town, unless necessary or proper for the protection of person or property, he shall be fined not exceeding twenty dollars; but, the city or town authorities may permit shooting outside of designated limits, or on particular occasions, or in designated places." ·

The ordinance fixes the same penalty for its violation as section 1347, *supra,* fixes for an offense against it, and hence the ordinance does not incur the constitutional inhibition, so far as relates to an offense against that statute. This condition precipitates the question, whether section 1308, *supra,* or section 1347, *supra,* is applicable to the act of discharging firearms upon a street of a city or town. If the former statute applies, as heretofore said, the ordinance is necessarily invalid, but, if the latter statute applies, there is no reason to urge against the validity of the ordinance. A street of a city or town, open for travel by the general public, though not popularly so called, is nevertheless a public highway within the legal meaning of that term, and hence to unlawfully discharge a pistol, not in defense of person or property upon such street is an act, which falls within the letter of the terms of section 1308, *supra.* Such an act, also, falls within the letter of the terms of section 1347, *supra,* which prohibits discharging firearms, not in protection of person or property, within the limits of a city or town. Thus, there exists an apparent repugnance of the one statute to the other. As early as February 8, 1854, the general assembly enacted a statute, which was very sim-

ilar, in terms, to the present statute embraced in section 1347, *supra*. In the general statutes of 1873, section 1347, appears exactly in its present form, and it has continued as a part of the statutory laws of the state since that time. Section 1308, first appears as a statute of the state, in the enactment made by the general assembly on April 10, 1893, and while amended on March 19, 1908, the legislative purpose to punish for the act of discharging deadly weapons, not in defense of person or property, upon the public highways was unchanged and has remained the same since the statute was first enacted, in 1893. That the legislature did not intend to repeal or modify section 1347 by the enactment of section 1308, is apparent from the fact, that such express intention is not anywhere declared, and an implied intention does not appear, since, the two statutes were sections of the same statute, enacted on the 10th day of April, 1893. Thus, for at least the half of a century, the legislature has shown a consistent purpose and intention, that the subject of the discharge of firearms within the limits of cities and towns should be governed by the provisions of section 1347, and it should not be overlooked, that this statute bestows upon the governing authorities of such municipalities the right to make the discharge of firearms, within their limits lawful within certain limits, or at certain places or on certain occasions, thus, bestowing upon such authorities a discretion as to the times and the places where firearms may be discharged, without incurring the penalties fixed by section 1347. Of course, the cardinal rule for determining whether the statute embraced by section 1308, or the one embraced by section 1347, is applicable to the act of unlawfully discharging a pistol upon the streets of a city or town, is to ascertain which the legislature intended should apply and govern and to follow that intention. To ascertain, that intention, the two statutes, being merely separate clauses of the same act, that of April 10, 1893, they must be construed together, and the legislative intention ascertained from a consideration of both. It must be presumed that the legislature intended, that every provision of each clause of the act should have force and effect, and hence the duty devolves upon the court, so far as is practical, to reconcile any apparent inconsistencies or repugnancies in the two sections and make them harmonious, and to make such a construction,

that effect shall be given to the provisions of each. Maysville Turnpike Road Co. v. How, 14 B. M. 426; Com. v. International Harvester Co., 131 Ky. 551; Com. v. Ledman, 127 Ky. 605. The words used must be given their ordinary signification, but where to strictly adhere to the letter of a statute a contradiction will follow between its provisions, the meaning intended by the legislature must be sought to avoid the contradiction; if possible. James v. United States Fidelity & Guaranty Co., 117 S. W. 406; Maysville, etc., R. Co. v. Herrick, 13 Bush 122; Bailey v. Com., 11 Bush 688; Wildharber v. Lunkenmeier, 128 Ky. 344. The legislative policy as it appears from previous legislation and the purpose and necessity for the enactment of a statute may, also, be invoked to ascertain the legislative intention, where the meaning is dubious and uncertain.

Touching the question under consideration, when section 1308 was enacted into law, in 1893, a statute already existed, section 1347, prescribing a punishment for the unlawful discharge of firearms, upon the streets of a city or town, and had been in force for many years, and was re-enacted at the same time section 1308 was enacted, and by the same expression of the legislative will. It can not be assumed that the legislature intended to enact repugnant provisions in a statute, when its purpose was by the entire statute, which it enacted, at that time, to make a consistent and harmonious body of criminal and penal laws. Neither can it be assumed, that the legislature intended to prescribe two different penalties for the same offense. It is a matter of common knowledge, that in common and ordinary use, the word highway is used to signify a public road in the country, and where a thoroughfare in a city or town is referred to, it is designated as a street. Hence, considering the provisions of sections 1308 and 1347, together, and the purpose and necessity for the enactment of 1308, the language used to convey the legislative meaning, and the repugnance arising, if construed otherwise, it is concluded that the word highway as used in section 1308 has reference to a thoroughfare, other than the street of a city or town, and hence that statute has no application to the offense committed by Vanmeter and his act was not an offense against it. His offense was against the provisions of section 1347, and the ordinance made in conformity thereto. The wisdom or unwisdom of fixing a penalty

upon one, who discharges firearms upon a public highway outside the limits of a town or city, greater than upon the one, who does the same act upon the streets of a town or city is a matter for consideration by the legislature, and with which the courts have nothing to do.

The judgment is therefore affirmed.