## City of Elizabethtown, et al. v. Purcell.

(Decided April 29, 1927.)

### Appeal from Hardin Circuit Court.

1. Municipal Corporations.—Affecting question whether owners of one-half of property on street signed petition for improvement, necessary under Ky. Stats., Supp. 1926, section 3563, property owned by wife and sister of one, who had signed in his own name and without authority, held not properly counted.

2. Municipal Corporations.—Property of church, member of which had signed petition for street improvement, under Ky. Stats., Supp. 1926, section 3563, held not properly counted in determining whether required number of property owners had signed.

3. Municipal Corporations.—Property of church, an officer of which had without authority signed petition for street improvement for it, held not properly counted, in determining whether number of property owners required by Ky. Stats., Supp. 1926, section 3563, had signed petition.

4. Municipal Corporations.—Where chairman of board of deacons of church and members of board of trustees signed petition for street improvement without authority, stating orally that he would pay the amount assessed against the church himself, held property

of church was not properly counted, in determining whether number of property owners required by Ky. Stats., Supp. 1926, section 3563, had signed petition.

5. Municipal Corporations.—Where railroad, in response to request that it sign petition for street improvement, replied "the L. & N. is with the majority; they do not want to block any movement for improvement and will pay their portion; however, they do not care to sign the petition, when it is the deciding point," held letter was refusal to sign and railroad property was improperly counted in determining whether number of property owners, required by Ky. Stats., Supp. 1926, section 3563, had signed petition.

6. Municipal Corporations.—Where nonresident owner returned petition for street improvement unsigned, with letter stating that he was willing to pay for improvement but was so little acquainted with public sentiment that he did not care to sign petition and take lead in imposing burden on others, held letter amounted to refusal to sign, and such property was improperly counted in determining whether number of property owners, required by Ky. Stats., Supp. 1926, section 3563, had signed petition.

7. Municipal Corporations.—Municipal ordinance providing for oiling of street at cost of abutting property owners, passed pursuant to Ky. Stats., section 2741e-1, and not providing for original construction of the street, held not implied repeal of prior ordinance for paving improvement.

8. Municipal Corporations.—Invalidity of provision of street improvement ordinance requiring property owners to pay cost of paving street and alley intersections held to invalidate whole ordinance.

HAYNES CARTER for appellants.

J. E. WISE for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming in part and reversing in part.

The board of council of the city of Elizabethtown, a municipal corporation of the fourth class, on July 15, 1926, passed an ordinance providing for the improvement of Main Cross street from the north limits to the south limits of the city, the improvement of the street, including the street and alley intersections, to be made at the cost of the owners of real estate abutting on such street and to be apportioned among and assessed upon the lots of real estate in proportion to the whole number of abutting feet.

The ordinance had its first reading on July 5, 1926. Bids for the construction of the street were advertised for and were received on August 2, 1926, but all of the bids were rejected. On January 7, 1927, the board of

council again advertised for bids for the construction
of the street, as provided for in the ordinance of July 15,
1926, and on January 20, 1927, the bids were opened and
the bid of the Stone Construction Company was accepted.
Thereupon the appellee, Henry Purcell, instituted this
action seeking to enjoin the board of council from enter-
ing into any contract for the construction of this street
or proceeding further under the ordinance.

The petition alleged that the board of council failed
to adopt and have published a resolution designating the
street proposed to be improved and setting out in general
terms the character and extent of the proposed improve-
ment, and declaring such improvement to be a necessity,
as required by section 3570 of the Kentucky Statutes, and
that the property owners' petition filed with the board of
council, asking that the street be constructed at the total
cost of the owners of abutting property, did not contain
the names of property owners owning more than 50 per
cent. of the property fronting and abutting on the street,
and that the ordinance is therefore invalid. It further
alleged that the ordinance in question was repealed by an
ordinance passed on August 27, 1926, providing for the
improvement of Main Cross street by scarifying, rolling,
and oiling at the cost of the owners of property abutting
on such street.

The chancellor found that the owners of less than
one-half of the number of feet of property upon Main
Cross street had filed with the board of council a petition
requesting it to pass an ordinance requiring such im-
provement, including street intersections, to be made at
the expense of the owners of the property abutting on
the street, and he adjudged that so much of the ordinance
as provided that the cost of the improvement of the street
and alley intersections should be assessed against the
owners of the property abutting on the improved street
was invalid, but that the remainder of the ordinance was
valid and the cost of the improvement of the street and
alley intersections must be paid by the city.

The city has appealed from that part of the judg-
ment adjudging part of the ordinance invalid, and the
plaintiff, Henry Purcell, has taken a cross-appeal claim-
ing that the entire ordinance is invalid.

There is a public square located about midway of
Main Cross street, causing an offset in the street, and,

measuring straight through the public square, the length of Main Cross street from city limits to city limits is 6,551 feet, making the front footage on both sides of the street 13,102 feet. This method of measurement is the most favorable to the appellants, and we are assuming, without deciding, that it is the correct one. The total amount of openings or intersections coming into Main Cross street is 1,040 feet, which leaves 12,062 feet owned by abutting property owners. In order to comply with section 3563 of the Kentucky Statutes, it was necessary that the owners of more than 6,031 feet of property abutting on the street should sign the petition requesting the board of council to pass an ordinance making the improvement of the street, including the intersections, at the cost of abutting property owners.

Section 3563, Kentucky Statutes (1926 Ed.) contains this provision:

"The board of council, by ordinance, may require the cost of improvement of street intersections and street and alley intersections and to be paid by the owners of the property abutting on the street ordered to be improved, in which event the cost of the improvement from the center of one cross street to the center of any other cross street shall be assessed against the respective owners of the property abutting on the improved street in the proportion which the amount of street frontage owned by each, between said cross streets bears to the distance between said two cross streets and unless so provided by ordinance then the expense thereof shall be borne by the city. No board of council shall have the power to require the owners of the property along any streets to pay for the improvement of any intersections as herein set out, unless the owners of more than one-half of the number of feet of property upon the street shall have filed with the board of council a petition requesting it to pass an ordinance requiring said improvement, including said intersections, to be made at the expense of the owners of the property abutting on said street."

The amount of front footage owned by those purporting to have signed the petition in question is 5,902.75 feet.

The appellants contend that certain other front footage, a part of which is hereinafter referred to, should

be added to the amount shown on the petition, and which would bring the total validly signed to 7,164 feet, which is clearly more than 50 per cent. of the front footage, and which would render the petition in question valid.

The name of Mrs. Mary P. Gardner appears on the petition as the owner of 185 feet. She testified that she did not sign the petition, nor authorize any one else to sign it for her. Her testimony is not disputed, and it is conceded that her name should be stricken. Hugh Shower signed his own name to the petition; he owns no property abutting on the street, but his wife and sister own 73 feet; he had no authority to sign for them, and therefore no lien could be asserted against their property and his name must be stricken.

The name, "St. James Church" appears on the petition. This name was signed by Chas. Lanz, a member of the congregation. The church property fronts 120 feet on the street, and the title to the property is in the Bishop of the Diocese of Louisville. The bishop was not consulted, nor did he direct or authorize Lanz to sign the petition for him and this signature is invalid. The Christian church owns 40 feet fronting on the street, and William Essex, an officer of the church, signed the petition for it; he had no authority from the governing board of the church to sign the petition, and the church records show no such authority. The Baptist church owns 75 feet abutting on the street, and W. C. Montgomery, chairman of the board of deacons and member of the board of trustees, signed the petition for the church; he had no authority to sign the petition, but when he signed it he stated orally that he would pay the amount assessed against the church himself. No valid lien on the property owned by the church was created by his act, nor could the claim be legally collected from him or his representatives. The last two above signatures must be stricken.

Appellants contend that property owned by the Louisville & Nashville Railroad Company fronting 591 feet on the street proposed to be improved should be counted, and rely on a communication from an official of the company, which is attached to the petition and which is as follows:

"The L. & N. is with the majority. They do not want to block any movement for improvement and

will pay their portion; however, they do not care to sign the petition, when it is the deciding point.''

This is not only a failure but a refusal to sign the petition, and this frontage of 591 feet cannot be counted. Hon J. P. Hobson's family owns property fronting 105 feet on Main Cross street, and the petition was mailed to him with the request that he sign it, which he returned unsigned with a letter in which he gave his reasons for not signing it, and which is attached to the petition. This letter is as follows:

"I am so far away and know so little of public sentiment at Elizabethtown that I prefer not to sign inclosed. I am willing for the city council to do what it thinks best and will pay for the improvement in front of our property if made, but I would rather not take the lead in the matter to impose a burden upon others.''

This letter certainly cannot be construed as a request to the board of council, within the meaning of the statute, to pass an ordinance making the improvement of the street, including intersections, at the cost of the abutting property owners.

The validity of other signatures to the petition is attacked by the appellee, but we have stricken as invalid the signatures of owners of property abutting 1,189 feet on the street proposed to be improved, and, deducting this from the highest amount claimed as valid by the appellants, leaves 5,975 feet front footage owned by persons who legally signed the petition, which is less than the minimum amount admitted by appellants to be necessary to render the petition valid and binding.

The chancellor therefore correctly adjudged that so much of the ordinance in question as required the owners of property abutting on the street to pay for the improvement of the intersections is invalid.

Appellee's contention that the board of council failed to pass and have published a resolution designating the street proposed to be improved, and setting out in general terms the character and extent of the proposed improvement, and declaring such improvement to be a necessity, as required by section 3570 of the Kentucky Statutes, is not sustained by the record. The record discloses that a resolution which met the requirements of

the statute was passed and published. Appellee's contention that the ordinance, passed on August 27, 1926, providing for oiling Main Cross street at the cost of the abutting property owners by implication, repealed the ordinance of July 15, 1926, which provided for the original construction of the same street, is likewise without merit as the ordinance providing for the oiling of the street was passed pursuant to section 2741e-1 et seq., and did not provide for the original construction of the street.

Whether or not the ordinance, being invalid in part, is invalid as a whole presents a more serious question. The purpose of the ordinance expressed in its title is to provide for the permanent improvement of Main Cross street by the laying of rock asphalt, concrete, or penetration type of asphalt from curb to curb, the cost of the construction of the street, including the intersections, to be paid by the abutting property owners upon what is known as the 10-year bond plan. The ordinance must be considered as a whole and the intention of the board of council in adopting it derived from a consideration of all of its provisions. The board of council could have passed an ordinance providing for the improvement of the street without any petition from the abutting property owners, and the cost of the improvement of the intersections would necessarily have been borne by the city, but to hold invalid the provision of the ordinance assessing the cost of the improvement of the intersectons to the owners of the abutting property, and then hold that the remainder of the ordinance is valid, would be the making of an ordinance by this court that the board of council probably never intended to make. In the recently decided case of Felts v. Linton, 217 Ky. 305, 289 S. W. 312, we had before us for determination the question as to whether or not the act known as the County Budget Act. being chapter 171 of the Acts of 1926, was valid. It was held that the section exempting from the provisions of the act counties having the commission form of government was invalid, and, notwithstanding a provision that if any section should be declared unconstitutional, such invalidity should not affect any of the remaining provisions of the act, and notwithstanding the general rule that, if different sections of a statute are independent of each other, that which is unconstitutional will be disregarded and

valid sections allowed to stand and be in force, the entire act was held invalid, the court saying:

"Yet, it is also the inflexible rule that where a portion of an act is valid and a portion invalid, and the court cannot say that the Legislature would have passed the act with the invalid portion eliminated, then the entire act must be held invalid. Commonwealth v. Hatfield Coal Co., 186 Ky. 411, 217 S. W. 125. In the determination of the validity or invalidity of particular provisions of public laws, the court should not be unmindful of the effect upon the entire enactment of the holding of any particular provision invalid. It is true that section 29 of the act provides that the invalidity of any clause thereof shall not affect the remaining provisions; yet this section must receive a construction consistent with the rules of constitutional law. While this section may be indicative of the legislative intention, yet in construing it we must give due consideration to the rules heretofore laid down by this court in the interpretation of statutes. We cannot under such rules ignore the fact that to hold section 32 of the act invalid and then to enforce the act as applicable to all of the counties of the Commonwealth, would bring about a result that the Legislature never intended. The statute must be considered as a whole as passed and its intention derived from a consideration of all of its clauses and provisions. By section 32 the Legislature left nothing to inference, for it specifically declared its intention that counties having the commission form of government should not be required to adopt the budget system created by this act. It is plain that the act would not have passed but for the exemption of such counties, and to now ignore section 32 and to apply the act to all counties irrespective of their form of government would arrive at a result that the Legislature never contemplated nor intended but one it specifically stated it wished to avoid. Construing section 29, then, in the light of these rules of constitutional construction, we are necessarily brought to the conclusion that the Legislature would not have passed the act with section 32 eliminated, for which reason the entire act must be held invalid. These views are supported by the principles underlying the Kirchdorfer [204 Ky. 366, 264

S. W. 766, 40 A. L. R. 801] and Hatfield Coal Co. cases, supra, and the many like cases of this court and others, among which is the very well reasoned case of Springfield Gas & Electric Co. v. City of Springfield, 292 Ill. 236, 126 N. E. 739, 18 A. L. R. 929.''

While it was not the invalidity of section 32 of the county budget act but its mere presence in the act that rendered the act as a whole invalid, yet the reasoning in the Felts case is peculiarly applicable to the facts in this case. To construe the ordinance as rendering the city liable for the cost of construction of the street intersections would result in tranferring the burden of such cost from the owners of property abutting on the street proposed to be improved to all the property owners and taxpayers of the city and we cannot say the board of council would have passed the ordinance in that form.

We therefore conclude that the lower court erred in holding any part of the ordinance valid and in dismissing the appellee's petition.

Wherefore the judgment on the appeal is affirmed and the judgment on the cross-appeal is reversed, with directions to enter a judgment for the appellee in accordance with the prayer of his petition.