## Sutton v. Rose, Judge.

(Decided April 20, 1928.)

## Motion for Writ of Mandamus.

1. Statutes.—If possible, statute should be so interpreted as to give it effect, and court should construe act as a whole and give some meaning to each word to reconcile apparent inconsistencies, unless provisions of statute are flatly contradictory.

2. Statutes.—Act Gen. Assem. March 19, 1928, amending Ky. Stats., sec. 965, and providing for time of holding terms of court in Thirty-fourth judicial district, held incapable of administration and void on account of irreconcilable provisions permitting overlapping terms of court in different counties and provision for commencement of one of terms on fifth Monday in January.

HIRAM H. OWENS for plaintiff.

RICHARD S. ROSE in pro per.

OPINION OF THE COURT BY JUDGE REES—Denying motion for writ of mandamus.

This is an original proceeding in this court in which the petitioner, W. B. Sutton, seeks a writ of mandamus to compel Hon. Richard S. Rose, judge of the Thirty-Fourth judicial district, to hold the terms of court in his district provided for in an act passed at the 1928 session of the General Assembly. The act in question carried an emergency clause and was approved by the Governor on March 19, 1928, and is an act to amend section 965 of Carroll's Kentucky Statutes relating to the time of holding the terms of circuit court in the Thirty-Fourth judicial district, composed of the counties of McCreary, Whitley, and Knox. Conceiving the 1928 act to be unworkable and invalid, the respondent is proceeding to hold court in accordance with the provisions of the old act.

The act in question provides that a term of court shall be held at Barbourville in Knox county, commencing on the second Monday in February and continuing for 30 juridical days, and that a term of court shall be held at Whitley City, in McCreary county, commencing on the second Monday in March and continuing for 30 juridical days. It will be noted that except when Feb-

ruary has five Mondays, which will occur only now and then in leap years, the two terms of court will conflict, and the term to be held at Barbourville in Knox county commencing on the second Monday in February will extend beyond the second Monday in March, when the act provides a term shall be held at Whitley City in Mc-Creary county. The act also provides that a term of court shall be held at Williamsburg in Whitley county commencing on the third Monday in April and continuing 18 juridical days, and that a term of court shall be held at Corbin in Whitley county commencing on the first Monday in May and continuing for 12 juridical days. Except when the month of April has five Mondays these two terms of court will conflict.

It is stated in the petition that the act provides for a term of court at Corbin commencing on the first Monday in February and continuing for 12 juridical days, which will cause it to conflict with the term to begin at Barbourville on the second Monday in February. The petitioner is in error as to this provision being in the act, but the act does provide that a term of court shall be held at Corbin commencing on the fifth Monday in January and continuing for 12 juridical days. It is silent as to when this term of court shall be held when January has only four Mondays. A term of court to be held at Williamsburg commencing on the first Monday in January and continuing 24 juridical days includes the fourth Monday in January, and, if it be said that the Legislature intended that in years when the month of January has only four Mondays, the term of court provided to be held at Corbin on the fifth Monday in January should be held on the first Monday in February, then such term would conflict with the term of court to be held at Barbourville commencing on the second Monday in February.

This act illustrates the confusion and uncertainty attaching to many acts of the Legislature presented to this court for construction. It is a cardinal rule of construction that statutes should be so interpreted as to give them effect, and in construing a statute it is the duty of the court to construe it as a whole and give some meaning to each word, if possible, and to reconcile apparent inconsistencies. Commonwealth v. Vanmeter, 187 Ky. 807, 221 S. W. 211; Wood v. Deatherage, 185 Ky. 418, 215

S. W. 198. As said in Bowman v. Hamlett, 159 Ky. 184, 166 S. W. 1008:

"Conflicting portions of a legislative enactment should be reconciled, if possible, without disregarding the intent of the Legislature."

This rule, however, fails to furnish guidance in a case where the provisions of the statute are flatly contradictory. It is utterly impossible to reconcile the different provisions of the act in question, and as it stands it is incapable of being administered. The only way in which the act could be rendered intelligible and capable of being administered would be to shorten or eliminate some of the terms of court provided for in the act, or to alter the dates for holding the various terms; but in the event such changes were made we could not say the Legislature would have passed it in such form. City of Elizabethtown v. Purcell, 219 Ky. 554, 293 S. W. 1096. To alter the dates for holding the various terms of court or to shorten the terms would amount to unauthorized judicial legislation.

Our conclusion is that the act in question is unworkable and invalid. Wherefore the motion for a writ of mandamus is denied and the petition dismissed.