CASE 61—PROCEEDING BY THE COMMONWEALTH AT THE INSTANCE OF
THE ATTORNEY GENERAL TO TRY THE TITLE OF THOMAS STACK TO
THE OFFICE OF COUNCILMAN FROM THE FOURTH WARD OF THE
CITY OF DAYTON.—JUNE 14.

# Stack v. Commonwealth.

118    481
f138   285

APPEAL FROM CAMPBELL CIRCUIT COURT—A. S. BERRY, CIRCUIT JUDGE.

JUDGMENT FOR COMMONWEALTH AND STACK APPEALS.  AFFIRMED.

ELECTIONS — OFFICES — CONTEST—JURISDICTION—STATUTES—COUNTY
CANVASSING BOARD—CERTIFICATE OF ELECTION.

1. On proceedings under Civil Code of Practice, section 483,
providing that, if a person usurp an office, the Commonwealth
may prevent the usurpation by an action, the burden of showing
title to the office is on the respondent.

2. Kentucky Statutes, 1903, sec. 1596a, subsec. 5, relative to the can-
vassing of election returns by the county board and the issuing
of certificates of election, provides that the county board of elec-
tion commissioners shall canvass the returns and give certifi-
cates of election of those who have received the highest number
of votes for any office exclusively within the gift of the voters
of the county, and that for offices not within such gift they
shall give written certificates of the number of votes given in
the county, city, town, etc.—one copy to be retained in the
clerk's office, and, in the case of a municipal election, one copy
to be given to the common council of the municipality; and sub-
section 11 provides that where the canvassing board of two
or more counties on a comparison of returns, or the board of can-
vassers for a county find that two or more candidates have re-
ceived the highest and equal number of votes, they shall deter-
mine by lot which of the candidates is elected. HELD that no
authority is given the canvassing board to determine which of
the candidates are elected in the case of municipal officers.

3. Ky. St., 1903, sec. 3486, which is a provision of the charter of
fourth class cities, provides that the board of council shall judge
of the eligibility and election returns of its members. Section
3552, also a section of the charter of fourth class cities, provides
that if a vacancy occur in any elective office, including that of
councilman, the vacancy shall be filled by the board. HELD, that

a board of council has no power to determine who has been elected a member of the board of council for the succeeding term.

4. The fact that Ky. St. 1903, sec. 3486, which is a provision of the charter of fourth class cities, provides that the board of council of a city shall judge of the eligibility and election returns of its members, does not deprive the court of jurisdiction of an election contest under Civ. Code Prac. sec 483, declaring that, if one usurp an office, the Commonwealth may prevent the usurpation by an action.

AUBREY, BARBOUR AND RAMSEY WASHINGTON, FOR APPELLANT.

### PROPOSITIONS DISCUSSED.

1. The county board of election commissioners are authorized to determine by lot which of two candidates, receiving a tie vote therefor, is elected to the office of councilman for a ward in a city of the fourth class.

2. In an action of usurpation brought by the Commonwealth under the provisions of the code against a defendant, the Commonwealth must show affirmatively the acts constituting usurpation on the parts of the defendant.

3. It follows from the preceding propositions that the demurrer to the petition should have been sustained by the lower court.

JAMES C. & B. A. WRIGHT, ATTORNEYS FOR APPELLEE.

1. The petition alleges that at the November election, 1903, appellant, who was a candidate for councilman for the fourth ward of the city of Dayton, Ky., did not receive a majority or plurality of the votes cast at said election, but that one F. A. Deetz received an equal number of votes with him; that notwithstanding said fact, the appellant took the oath of office, and entered said office and usurped the same, and, at the filing of the petition, was exercising the powers and privileges of the office.

2. Appellant claims that the county board of election commissioners had power to draw lots in such case, and that this court must presume that they did draw, where the vote was a tie, and must also presume that the lot fell to appellant, and that these presumptions are indulged for appellant until negatived by averment in the petition, and, therefore the demurrer to the petition was improperly overruled.

3. Appellee contends that the Commonwealth is not required to set out particularly the fault in appellant's title to the office

he is in; that it is enough that it charges him with entering in-
to an office without right and with usurping its powers and privi-
leges and having done this it has stated a cause of action against
him.

### AUTHORITIES CITED.

Mechem on Public Officers, section 491; Commonwealth v. City
of Frankfort, &c., 13 Bush, 185; People, &c. v. Thatcher, &c.,
55 N. Y., 528; People, &c., v. Pease, 30 Barbour, 588; People, &c.,
v. Ridgley, 21 Ill., 67; Clark v. The People, &c., 15 Ill., 217; State
v. Dahl, 65 Wis., 510; People, &c., v. Abbott, &c., 16 Cal., 358;
The Commonwealth v. The Commercial Bank, 28 Pa. St., 387;
The State v. The Commercial Bank, 10 Ohio, 541; State v. Harris,
3 Ark., 570; People v. DeMill, 15 Mich., 164; Hammock v. Barnes,
4 Bush, 390; Civil Code, section 483.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—AFFIRMING.

This proceeding was instituted by the Attorney General,
under section 485 of the Civil Code of Practice, against
Thos. Stack, for usurpation of the office of councilman from
the fourth ward of the city of Dayton for a term begin-
ning on the 7th of December, 1903. The petition alleges
that on the 3d of November, 1903, a general election was
held in the fourth ward of the city of Dayton for the elec-
tion of councilmen to represent the said ward for a term
of two years, beginning on the 7th day of December, 1903,
and that at the election Charles Thomas received 148 votes,
F. A. Dietz 139 votes, and the defendant, Thos. Stack, 139
votes; that the defendant was not elected to the office of
councilman in said city for said ward, beginning on the
7th of December, 1903, but that notwithstanding this fact he
had taken the oath of office and qualified as councilman
from the fourth ward or the term beginning on the 7th of
December, 1903, and had usurped and entered upon, and
then was in the exercise of, the rights, powers, and duties
thereof, wrongfully. The defendant answered that he was
a candidate for the office of councilman from the fourth

ward of Dayton, a city of the fourth class, at an election held on the 3d of November, 1903, at which he received 139 votes, as alleged in the petition; and that on November 16, 1903, the mayor and board of councilmen of the city of Dayton appointed a committee of said board to canvass the returns of the election for the city offices and members of the board of councilmen of the city of Dayton held November 3, 1903, as certified to said board of councilmen by the board of election commissioners of Campbell county; and that at a meeting of said board of council of the city of Dayton held November 23, 1903, said committee made its report, and, by the terms of said report, recommended that the certificate of election of councilman of the fourth ward be issued to the defendant, Thos. Stack; that said report was duly adopted by said board of councilmen on the said 23d of November, 1903, and approved by the mayor, November 24, 1903, and said report and action by the mayor was approved by the said board of councilmen on December 7, 1903; and that, in pursuance of said action of said board of councilmen and said mayor, the city clerk of said city of Dayton did, on November 23, 1903, issue a certificate of election to this defendant as a member of the board of councilmen for the fourth ward of said city of Dayton, to serve for a term of two years from the first Monday in December, 1903, and in pursuance of said certificate of election this defendant took the oath of office and qualified as a councilman—and denied that he was wrongfully in the exercise of the rights, powers, and duties thereof. The following exhibit was filed with the answer: "Dayton, Ky. Nov. 23, 1903. I, Charles A. Bird, City Clerk, do hereby issue this certificate to Thos. Stack, by order of the Board of Councilmen of the city of Dayton, Ky. I do hereby certify that Thos. Stack has been

elected as a member of the Board of Councilmen for the Fourth Ward of said city of Dayton, Kentucky, to serve for a term of two years from the 1st Monday in December, 1903, by order of the Board of Councilmen of the city of Dayton. Charles A. Bird, City Clerk." The following amended answer was subsequently filed: "The defendant, for amendment to his answer herein, says that said committee appointed on November 16, 1903, as alleged in said petition, and said board of councilmen, did canvass said returns as certified to said board of councilmen by said board of election commissioners of Campbell county, and that thereafter said committee reported as alleged in his answer." A general demurrer was filed by the plaintiff to the answer as amended, and sustained; and, defendant declining to plead further, it was adjudged he had usurped the office of councilman in the city of Dayton for the term beginning on the 7th of December, 1903, and that he be ousted therefrom, and from that judgment he has appealed.

In a proceeding of this character instituted by the Commonwealth, the burden of showing right or title to the office alleged to be usurped is upon the respondent. See 23 A. & E. Ency. of Law, 625, and authorities there cited. The rule is admirably stated in Mechem on Public Officers, section 491, as follows: "Where a proceeding is instituted by and on behalf of the State, in its sovereign capacity, to test the title of an alleged usurper, much more generality of allegation is tolerated than in cases where a private individual is the prosecuting party. The title to all offices being derived from the State, and it having an inherent right at any time to call upon one who assumes to exercise the functions of a public office to show his right to do so, it is evident that no specific allegation of right or title upon the part of the State can be necessary. It is often said,

therefore, that the State is under no obligation to show any-
-thing on its part, and that the charge, in general language,
that the respondent has entered into, usurped, and unlaw-
fully exercised the functions of a certain office, is all that is
required to put him to his answer."

The respondent in this case rests his claim to be a mem-
ber of the board of councilmen of the city of Dayton for the
term beginning on the 7th of December, 1903, solely upon
a certificate issued to him on the 23d of November, 1903,
by order of the board of councilmen of the city of Dayton,
whose term of office expired on the very day on which the
term of the council of which appellant claims to be a mem-
ber began.    It is true that he alleged that this certificate
was approved by the mayor on the 24th of November, 1903,
and that the action of the mayor was approved by the board
of councilmen on December 7, 1903; but, construing the
pleading most strongly against the defendant, as we must,
all that this answer alleges is the approval of the mayor
of the action of the council, and their ratification of his act
before their term of office expired.    Subsection 5 of section
1596a of the Kentucky Statutes of 1903 provides for the
canvassing of returns of an election by the county board, and
the issuing of certificates of election. It reads as follows: "On
the next day, the said county board of election commis-
sioners shall meet in the county clerk's office between ten and
twelve o'clock in the morning, open and canvass the re-
turns of such election, and give triplicate or more written
certificates of election over their signatures of those who
have received the highest number of votes for any office, ex-
clusively within the gift of the voters of the county, one copy
of the certificate to be retained in the clerk's office, another
delivered to each of the persons elected, and the other for-
warded by the county clerk to the Secretary of State at

the seat of government. For offices not within such gift they shall give duplicate or more written certificates over their signatures of the number of votes given in the county, city, town, district, or precinct, particularizing therein the precinct at which the votes were given, one copy to be retained in the clerk's office, one delivered to the sheriff, and one in case of municipal or district elections to the common council of said municipality or the governing authority of such district." The only duty imposed by this section upon the county board of election commissioners in cases of municipal offices is to count the ballots and certify the returns to the common council of such municipality. They are not authorized in such cases to issue the certificate of election. Subsection 11 of the same section of the statute provides, that, "where the canvassing board of two or more counties on comparison of the returns, or the board of canvassers for a county, find that two or more have received the highest and equal number of votes for the same office, they shall, by lot, determine which of the candidates is elected." But no power or authority is given to the canvassing board to determine which of the candidates is elected in the case of municipal officers. In such case their duty is fully discharged by certifying the vote to the common council of such municipality. That this was the purpose of the General Assembly is made quite clear by section 3486 of the Kentucky Statutes of 1903, which is a provision of the charter of fourth class cities, to which Dayton belongs, and which reads as follows: "In case of a vacancy in the board by death, resignation, or any other cause, such vacancy shall be filled as hereinafter provided. The board shall meet at such times and places as shall be provided by ordinance. It shall judge of the eligibility and election returns of its members, adopt rules for its proceedings and govern-

ment, and enforce the same by appropriate fines, not exceeding ten dollars for each offense; and three-fourths of the members voting affirmatively may, for good cause, expel any member." Section 3552 of the Kentucky Statutes of 1903, which is also a section of the charters of fourth class cities, provides· "If a vacancy shall occur in any elective office, including the office of councilman, such vacancy shall be filled by the board of council, subject to the provisions of the Constitution applicable thereto. If the election of any elective officer in cities of this class be contested, such contest shall be conducted and determined as provided by law in cases of election of county officers." It is apparent from these provisions of the charter of fourth class cities that the board of councilmen whose term of office expired on the 7th day of December, 1903, had no power or authority to determine who had been elected a member of the board of council of the city of Dayton for the succeeding term, and that the certificate relied on by the appellant, signed by Charles A. Bird, city clerk, conferred upon him no right to discharge any of the duties of a member of the common council of the city of Dayton whose term began on the 7th of December, 1903.

But it has been suggested that as the statute has made the board of common council of cities of the fourth class judges of the eligibility and election returns of its members, and conferred upon them the power to fill vacancies, the courts are deprived thereby of jurisdiction to determine the question in proceedings under section 483 of the Civil Code of Practice, and it must be conceded that there are some decisions of courts which seem to approve this doctrine; but, after a very thorough examination of the question, we have reached the conclusion that the great weight of authority and the better reason is opposed to this doc-

trine, and the rule established that unless the statute conferring the jurisdiction upon the common council to judge of the election and qualification of its members unequivocally excludes, by express provision or necessary implication, the jurisdiction of the courts, it remains in them, and that conferred upon the council is only concurrent or temporary. This rule is laid down by Dillon on Municipal Corporations (3d Ed.) 202, 203, and notes; McCreary's American Law of Elections, section 295, where a great many cases have been collated and cited; and 23 A. & E. Ency. of Law, 609.

As the board of council of the city of Dayton whose term began on the first Monday in December, 1903, has not passed upon the claim of appellant to be a member thereof, it is unnecessary for us to decide what effect might be given by the court to their determination of the question if they had in fact so acted.

For reasons indicated, the judgment is affirmed.