## Baker v. White et al.

(Decided Dec. 12, 1933.)

R. L. POPE, J. D. POPE and J. M. GILBERT for appellant.
W. T. DAVIS for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

Robert Baker, an infant, by his father and next friend, instituted this action against L. B. White and the Middlesboro Hardware Company, a corporation, seeking to recover damages for personal injuries resulting from the explosion of a firecracker alleged to have been sold by defendant in violation of an ordinance of the city of Middlesboro.

According to the allegations of the petition, the Middlesboro Hardware Company is engaged in wholesale and retail business, selling all kinds of hardware, arms, ammunition, etc., in the city of Middlesboro, and L. B. White is engaged in the retail mercantile business therein. In October, 1930, the Middlesboro Hardware Company from its place of business sold to its codefendant several packages of firecrackers, and thereafter, about the 20th day of December following, the latter, from his place of business in the city, sold and delivered a quantity of such firecrackers to Eskey and Estill Lorton, infants. On the following day the Lorton boys went to the home of plaintiff, and, while there, one of the Lorton boys and plaintiff placed a firecracker in a bottle, and, while attempting to light same, it exploded bursting the bottle, destroying plaintiff's right eye, necessitating the removal of plaintiff's right eyeball and greatly impairing the vision of his other eye. For the alleged injuries and consequent pain and suffering, the petition prays damages in the sum of $10,-000. It is further alleged in the petition that, at the time such sales were made, an ordinance which had theretofore been adopted, making it unlawful to sell, give away, barter, set off, or discharge fireworks of any description in the city of Middlesboro, was in full force and effect, and that the sale by each of the defendants was unlawfully, wrongfully, and intentionally made in direct violation of such ordinance.

Defendants filed separate demurrers to the petition which were sustained, and, plaintiff declining to further plead, the petition was dismissed, and he is appealing.

Aside from the averment of the petition that the sale of firecrackers was made in violation of the city ordinance, it does not charge appellees with any negligence or violation of duty toward appellant. The cause of action attempted to be set up is rested solely upon

the alleged violation of an ordinance forbidding the sale of fireworks within the city and prescribing a penalty for its violation, and not upon any act or conduct, which, independent of the ordinance, would render appellees liable for damages resulting from such a sale. It is argued by counsel for appellant in effect that the petition states a good cause of action, in that it charges (1) that appellant is an infant of very tender years, and (2) that the sale was made in violation of the ordinance. Counsel enter into a discussion of the care due children of tender years, and especially with respect to placing explosives or other dangerous instrumentalities in their hands, and cite authorities bearing on the liability of persons exposing them to such dangers. The doctrine announced in the authorities cited is recognized and adhered to in this and practically all other jurisdictions, but it follows from what has already been said with regard to the allegations of the petition that it has no application here, since nothing is said as to the age or immaturity of the Lorton boys, except that they were infants.

Argument that injuries following a sale in violation of the city ordinance give a cause of action to the person injured is predicated on the provisions of section 466, Kentucky Statutes, which reads:

"A person injured by the violation of any statute may recover from the offender such damage as he may sustain by reason of the violation, although a penalty or forfeiture for such violation be thereby imposed."

In a number of cases it has been held by this court that, by virtue of the quoted section of the statute, a person injured as a result of a violation of another section of the statute has a cause of action against the offender. Pirtle's Adm'x v. Hargis Bank & Trust Company et al., 241 Ky. 455, 44 S. W. (2d) 541, and cases therein cited.

Therefore it is apparent that the only question to be determined is whether a city ordinance is a "statute" within the purview of the quoted section of our statutes. That section was enacted at the 1892 session of the General Assembly as section 21 of an act concerning the construction of statutes. Acts 1892, c. 107, sec. 21. In determining the legislative will and mean-

ing in its enactment, courts are not restricted to the language of that particular section, but may look to the act as a whole as well as to the condition of the laws of the state in force at the time of its passage, and to such other prior or contemporaneous facts and circumstances as may throw light on the intention of the Legislature. Panke v. City of Louisville, 229 Ky. 186, 16 S. W. (2d) 1034; Sewell v. Bennett, 187 Ky. 626, 220 S. W. 517; Earhart v. Middendorf, 234 Ky. 78, 27 S. W. (2d) 657; Erlanger Kennel Club v. Daugherty, 213 Ky. 648, 281 S. W. 826.

Section 15 of the act (Ky. Stats. sec. 460) under consideration provides in part:

"All words and phrases shall be construed and understood according to the common and approved usage of language; but technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such meaning."

In harmony with the foregoing rules of construction prescribed by the Legislature, this court has consistently held that, in the interpretation and construction of statutes, words and phrases employed by the lawmaking body must be given their plain and ordinary meaning according to popular usage, American Tobacco Co. v. City of Bowling Green, 181 Ky. 416, 205 S. W. 570; Commonwealth v. Vanmeter, 187 Ky. 807, 221 S. W. 211; Turk v. Martin, 232 Ky. 479, 23 S. W. (2d) 937, unless they have acquired a technical sense, in which event, they will be given such accepted technical meaning. Booth v. Board of Education, etc., 191 Ky. 147, 229 S. W. 84; Katzman v. Commonwealth, 140 Ky. 124, 130 S. W. 990, 30 L. R. A. (N. S.) 519, 140 Am. St. Rep. 359; Gilbert v. Greene, 185 Ky. 817, 216 S. W. 105. Applying either the general rule or the exception to the word "statute" as used in section 466, supra, it is apparent that it cannot be construed to include within its scope and meaning a municipal ordinance, since, according to common usuage and understanding, the former term applies to laws enacted by the supreme lawmaking body of the state, while the latter is commonly understood to mean an enactment of the council of a municipal corporation, a subdivision of the state, and applying solely to the government of such munici-

pality; and, if classified as coming within the exception as a technical word or one that has acquired a peculiar meaning, the former does not, when so regarded, become any more comprehensive.

Municipal corporations and municipal ordinances were known to the law long before the adoption of the act of 1892 concerning construction of statutes, and the language of the act is more restrictive than general in terms; hence the rule that statutes framed in general terms apply to new subjects and new cases subsequently created which may come within their scope and policy cannot be applied.

While an ordinance adopted by the duly constituted authorities of a municipality has the force of law within the corporate limits thereof, and has been treated as such under the provisions of the Federal Constitution (article 1, sec 10) forbidding states to pass laws impairing the obligations of contracts (New Orleans Waterworks Co. v. Louisiana Sugar Ref. Co. 125 U. S. 18, 8 S. Ct. 741, 31 L. Ed. 607; Northern Pacific R. Co. v. Minnesota ex rel. Duluth, 208 U. S. 583, 28 S. Ct. 341, 52 L. Ed. 630; Atlantic Coast Line R. Co. v. Goldsboro, 232 U. S. 548, 34 S. Ct. 364, 58 L. Ed. 721), "it is not a statute in the ordinary sense of the term" (25 R. C. L. 762), nor as used in chapter 107, Acts of 1892. It is presumed that Legislatures have knowledge of existing laws and the construction placed upon them by courts, therefore, since section 466, supra, does not expressly include city ordinances, and in the absence of any provision in the act that the word "statute" shall be construed as including such an ordinance, it is manifest that the Legislature did not so intend.

Counsel for appellant cite and rely on the case of Mullins v. Nordlow, 170 Ky. 169, 185 S. W. 825. The ground of recovery in that action was the alleged negligence of the owner of a building in failing to make a reasonable provision for the escape of its occupants in case of fire. A city ordinance requiring the erection of fire escapes applied to the building in question. There was also a statute requiring that adequate provision be made for the escape of persons from such a building. It appears that the lower court was of the opinion that the liability of the owner for failure to equip the building with fire escapes should be made to rest upon the

city ordinance. After pointing out that the mandatory provisions of the ordinance had not been complied with by providing adequate fire escapes, it was said, in effect, that the failure to provide such 'fire escapes was not only negligence, but an unlawful act within the meaning of section 241 of the Constitution, but the court was not called upon to, and did not, determine the question presented here. That action was rested upon general negligence in not providing adequate fire escapes and not merely upon the violation of an ordinance. So it will be seen that the case does not furnish precedent or authority for holding that section 466 of the Statutes was intended to or does apply to city ordinances.

Our conclusion is that the petition does not state a cause of action.

Judgment affirmed.

Whole court sitting.