# Rose v. Turner et al.

Dec. 21, 1945.

Kash C. Williams and G. C. Allen for plaintiff.
Grannis Bach and A. H. Patton for defendants.

OPINION OF THE COURT BY JUDGE LATIMER—Overruling motion.

This cause is before me on the defendants' motion to dissolve an order of injunction entered by the Breathitt Circuit Court.

At the regular November election, 1945, six members were to be elected to the council in the City of Jack-

son, a fourth class city. Of the twelve candidates running, five received distinct majorities. The plaintiff, Green Rose, and Lester Turner tied for the sixth, each having received 286 votes. The Election Commissioners determined by lot that Clarence Hensley had been elected and issued to him a certificate of election.

The plaintiff, Green Rose, thereupon filed this action against the members of Breathitt County Election Board in the Breathitt Circuit Court, wherein he alleged that the defendant Commissioners had refused to count certain ballots which had been cast for him; had wrongfully and unlawfully determined by lot that the defendant, Clarence Hensley, had been elected as councilman; that such action on the part of the Commissioners was without authority and void, and asked the court to require the Commissioners to reassemble and cancel the certificate of election issued to Clarence Hensley, and to count certain ballots which he described in his petition and to certify to the City Council the actual number of votes cast and tabulated for him.

An amended petition was filed making Clarence Hensley a party defendant.

Application was made for injunction in accordance with the prayer of the petition. Upon a hearing, the court being of the belief, and rightly so, that it was without jurisdiction to determine the question presented by that portion of the petition asking for a recount because it was in the nature of a contest, overruled the motion to require the Commissioners to count the ballots as described in the petition. See Cole v. Ridings, 271 Ky. 158, 111 S. W. 2d 605, and cases cited therein.

The court granted the relief asked for as to the cancellation of the certificate of election issued to Hensley, and in its order stated:

"* * * the Court is of the opinion and so adjudges that the election commissioners had no right or authority to determine that the said Clarence Hensley was elected a member of the City Council at said election, and that the certificate of election to him was, and is wholly void.

"The defendants, Lester Turner, Grover C. Anderson and George W. Little, are hereby ordered and directed to reassemble and to certify to the City Council,

the number of votes received at said election by the plaintiff, Green Rose, and the defendant, Clarence Hensley and to cancel the certificate issued to Clarence Hensley. To which ruling of the Court, the defendant objects and excepts, and on their motion they are given twenty days in which to make application to a Judge of the Court of Appeals for an order directing the Circuit Court or Judge to dissolve or modify this order of injunction."

Whereupon, the defendants addressed their motion to this court asking for the dissolution of the injunction.

This action involves the construction of Sections 86.220, subsection (4), and 118.400, KRS. Section 118.400 provides: "The county board of election commissioners shall issue certificates of election where the successful candidate was voted for by a county or by a district less than one county. The board shall forward the certificate to the elected candidate, unless he has failed to comply with KRS 123.060, 123.070 or 123.080. If the board finds that two or more candidates have received the highest and equal number of votes for the same office, the board shall determine by lot which of the candidates is elected."

The defendants claim that the above section is materially different from the old statute, section 1596a-5, in that under the old statute it was the duty of the election commissioners to certify the vote in municipal elections to the city council but without right to issue to the successful candidates certificates of election, and under the present law, the commissioners are directed to issue to each successful candidate a certificate within three days after the election, or in the event of a tie vote between two candidates, to determine the question by lot. In further support of this position they refer to section 86.220, subsection (4), which provides: "The county election commission shall count the votes for each candidate for a city office, and within three days after the election shall deliver to the clerk of the city council a copy of the certificate of election issued to each person elected to a city office."

On the face of it there appears to be some merit in defendants' contention. In clarifying the matter it becomes necessary to invoke the established rules of statutory construction in order to ascertain the legislative

intent. In construing this matter under the old statute, the courts have decided that the election commission was without power or authority to determine by lot which of two candidates for municipal office is elected in the case of tie. Stack v. Commonwealth, 118 Ky. 481, 81 S. W. 917; Baker v. Dinsmore, 138 Ky. 277, 127, S. W. 997. The opinions in the above cases are based upon section 3486 of the Kentucky Statutes of 1903.

Section 3486 provides that cities of the fourth class "shall judge of the eligibility and election returns of its members."

It is fundamental that in the enactment of a more recent statute, prior enactments on the same subject are presumed to have been in the mind of the Legislature. Especially is this true when there have been decisions of the court relative thereto. See Neutzel v. Williams, 191 Ky. 351, 230 S. W. 942; T. M. Crutcher Dental Depot, Inc., v. Miller et al., 251 Ky. 201, 64 S. W. 2d 466.

It cannot be overlooked that in the re-enactment of the election law, the Legislature, while in the midst of amending and repealing a number of sections and provisions of the old, carried into the new section 3486 of the old, as now appears in KRS 86.060, subsection (2). It must be presumed that the Legislature knew of the construction heretofore placed upon that section by this court. Consequently, the sections above referred to should not be treated as a series of separate sections of statute mechanically associated, but as a stream in which is to be found a continuity of legislative intent and purpose. Therefore, it is clearly obvious that the legislative intent is distinctly revealed in thus carrying over section 3486.

The Judge of the Breathitt Circuit Court was correct in his opinion that the Election Commissioners went beyond their authority in determining by lot that the defendant, Clarence Hensley, was elected to the office of City Councilman, and in issuing the certificate of election to him accordingly. Wherefore, the motion to dissolve the injunction is overruled.

The whole court sat with me in the consideration of this motion and concur in the conclusion reached herein.