### BROWN et al. v. CITY OF HARRODS-BURG et al.

Court of Appeals of Kentucky.

Oct. 24, 1952.

Phillips & Dean, Harrodsburg, for appellants.

F. D. Curry, Harrodsburg, for appellees.

MILLIKEN, Justice.

This is an appeal from a judgment approving the issuance of revenue bonds by the City of Harrodsburg in conformity with Chapter 58, KRS, for the purpose of financing improvements to its water and sewer systems. The question narrows to whether the city may issue such bonds without the assent of a majority of the voters.

For many years Harrodsburg, a municipality of the fourth class, has owned and operated its own water and sewer systems, and both have become inadequate because of the growth of the community. In July, 1950, the city combined their fiscal operations as one project and authorized the issuance of $300,000 of revenue bonds under the authority of Chapter 58, KRS, and $200,000 of the bonds were issued at that time. After receipt of the plans and specifications from its engineering consultants covering the needed extension and improvement of its water and sewer systems, the city, pursuant to the authority of Chapter 58, KRS, advertised the pro-

posed work, and sealed bids were received September 5, 1952. Thereafter, on September 16, 1952, the city passed a resolution providing for the issuance of the remaining $100,000 bonds authorized by the ordinance of July, 1950, and directed that an additional $500,000 of such bonds be issued pursuant to Chapter 58.

We have hitherto held that a city of the fourth class may combine its waterworks plant and sewer system as one project, and may finance improvements and extensions thereof by revenue bonds issued in conformity to Chapter 58. It is expressly stated in KRS 58.040 that such "bonds shall be payable solely from the revenue derived from the public project and shall not constitute an indebtedness of the state, county, city or political subdivision within the meaning of the Constitution." The legislative history and decided cases are summarized in City of Hazard v. Salyers, 311 Ky. 667, 224 S.W.2d 420, and need not be restated here. Chapter 58, KRS, was enacted in 1946 and while amendments have been enacted by subsequent sessions of the Legislature, they are not pertinent here.

In 1952 the General Assembly amended and re-enacted KRS 96.540 to read as follows and to be effective June 19, 1952:

"(1) Except as provided in KRS 96.171 to 96.188, inclusive no city of the second, third, fourth, fifth or sixth class that owns a waterworks system or lighting system by gas or electricity, shall sell, convey, lease or encumber the system or the income therefrom without the assent of a majority of the total number of legal voters of the city voting at an election held for that purpose, after sixty consecutive days' notice of the election next before the date of the election has been published in the newspaper having the largest circulation in the city. If, in the case of a city of the fourth, fifth or sixth class, no newspaper is published in the city, notice shall be given by hand-bills posted up in at least ten public places in the city for not less than sixty days prior to the date of the election."

A comparison of the 1952 enactment with its predecessor discloses that the principal purpose of the new enactment was to reduce from two-thirds to a mere majority the number of legal voters required. Because KRS 96.540 was re-enacted as amended at the 1952 session of the General Assembly and, consequently, is a later statute than Chapter 58, KRS, it is argued that it is now necessary to obtain the assent of the majority of the voters of the City of Harrodsburg before revenue bonds may be issued under authority of Chapter 58. In Williams v. City of Barbourville, Ky., 246 S.W.2d 591, we held that the pledging of the revenue of a project for the purpose of funding the bonds issued to defray construction costs under the authority of Chapter 58 did not contravene KRS 96.540 before the 1952 amendment thereto. Since the purpose of the Legislature in amending and re-enacting Section 96.540 reveals no express intention to make that section applicable to revenue bonds issued under authority of Chapter 58, we will not give it such effect by implication. Where a statute has been construed by a court of last resort and the Legislature subsequently has substantially re-enacted the statute, it will be deemed to have adopted the construction theretofore placed upon the statute by the court unless the contrary is clearly shown by the language of the new enactment. Falender v. Hankins, 296 Ky. 396, 177 S.W.2d 382. Certainly, the changes effected by the 1952 amendment express no legislative disapproval of the construction of the statute by this court.

Therefore, the judgment is affirmed.