Charles M. BLACKBURN, Commissioner, Department of Motor Transportation of the Commonwealth of Kentucky, Appellant,

v.

The MAXWELL COMPANY et al., Appellees.

Court of Appeals of Kentucky.

March 29, 1957.

Rehearing Denied Oct. 4, 1957.

Jo M. Ferguson, Atty. Gen., George Willis, III, Asst. Atty. Gen., for appellant.

Joseph J. Leary, Frankfort, for appellees.

MILLIKEN, Chief Justice.

This case involves the weight tax exemptions of motor carriers of property under KRS 281.605(2) as enacted by the 1954 session of the General Assembly, and the effect of changes made in 1956 in its regulations by the Department of Motor Transportation pursuant to the changes made in the statute. The statute, KRS 281.605(2), states:

"(2)  The following vehicles operated by a carrier or motor carrier shall be exempt from the tax imposed by KRS 281.810; Motor vehicles registered under subsection (3) of KRS 186.050 or motor vehicles owned by any person not a resident of this state and duly registered under the laws of any other state, which when operated in this state are used exclusively for the transportation of property for hire within the corporate limits *of the city* named in the affidavit hereinafter required to be filed or within ten miles of the limits of such city if such city is a city of the first, second, third or fourth class, or within five miles of the limits of such city if such city is a city of the fifth or sixth class.  Operation outside of this state shall not be considered in determining whether or not this exemption applies.  When claiming exemption under this section, the carrier shall file with the department an affidavit stating that the motor vehicle when used in this state is to be used only for the transportation of property within the city named in the affidavit and the area above set out, *and that the vehicle will not be used outside of such city and the area above set out during the current registration period.*  The carrier shall furnish such other information as may be required by the rules and regulations of the department, and shall otherwise be subject to the provisions of KRS Chapter 281 and the rules and regulations of the Department of Motor Transportation." (Emphasis ours.)

Prior to 1954 the statute, KRS 281.605(2)(a) exempted: "Motor vehicles used for the transportation of property for hire operating exclusively within the limits of *one or more cities* and their suburban areas." (Emphasis ours.)  The 1954 Act, present KRS 281.605(2), is thus more detailed than its immediate predecessor, but the difference here emphasized is the nub of this controversy.  However, the Department has had at all times herein concerned the power

under KRS 281.010(17) to extend or define a commercial area to include territory within ten air miles of contiguous cities, such as those Kentucky cities opposite Cincinnati and those in the Ashland-Cattlettsburg area, and city streets are highways within the purview of the Act. KRS 281.010(8).

On or about December 1, 1956, the Department issued a new regulation, 24.14, to replace its previous regulation of the same number. New regulation 24.14 provides:

"24.14. Affidavits For Weight Tax Exemption. All affidavits for weight tax exemption filed in accordance with K.R.S. 281.605(2) shall be made on the forms prescribed and furnished by the Department. All information in the affidavit shall be typewritten or printed legibly in ink. The affidavit shall contain the name of the affiant, the affiant's position with the carrier, the name of the carrier, state in which the vehicle involved is registered, name of the city in Kentucky in which the vehicle involved is to be operated, the company vehicle number, the year, make and type of vehicle, the type of fuel used in the vehicle, the license number of the vehicle, the motor number of the vehicle, and the certified gross weight of the vehicle. The affidavit must be sworn to by the owner of the vehicle or a responsible official acting for the owner. Each application shall be accompanied by an issuance fee of fifty cents (50¢) for each vehicle for which exemption has been claimed."

The pertinent change in the regulation reduced the phrasing, "name of the city or cities in Kentucky in which the vehicles involved are to be operated," to "name of the city in Kentucky in which the vehicle involved is to be operated." It is the contention of the carriers that they may use any of their exempted vehicles in any accessible Kentucky border city without being subject to the Kentucky weight tax levied by KRS 281.810, while it is the contention of the Department that KRS 281.605(2)

limits the exempted vehicle to use in only one Kentucky city or commercial area. In other words, according to the Department, a vehicle exempted for usage in the Covington area under the terms of the statute would not be exempt from the weight tax if it were used in the Ashland area also during the current registration period.

The statutes of most, if not all, states contain provisions authorizing reciprocal agreements between and among the states covering tax exemptions for non-resident carriers in interstate commerce. KRS 281.835 authorizes such agreements. However, when such an agreement cannot be effectuated by or between states, each state is free to impose its highway usage tax. Bode v. Barrett, 344 U.S. 583, 73 S.Ct. 468, 97 L.Ed. 567.

In the absence of reciprocal tax exemption agreements, the imposition of such taxes in border areas such as the Cincinnati-Northern Kentucky urban area would be quite a burden on the local, yet interstate, flow of commerce, and, of course, would result in deleterious economic effects in such an area. As a consequence, legislation to avoid such harmful economic effects in such border areas would address itself undoubtedly to legislative ingenuity for the purpose of helping the local public rather than helping the afflicted carriers. In order to achieve such a mitigation of the economic effects in border areas caused by the failure of the bordering states to reach reciprocal tax exemption agreements, our Legislature would have to consider Section 59 of our Constitution particularly subsection 29, forbidding the enactment of a special or localized law "where a general law can be made applicable."

With this background in mind let us examine the offending statute. It exempts two classes of vehicles from the weight tax imposed by KRS 281.810: (1) those registered in Kentucky for which the registration fee imposed by KRS 186.050(3) has been paid; and (2) those owned by

nonresidents and registered under the laws of another state. Both of these classes of vehicles are exempted from the weight tax imposed by KRS 281.810(3) only when used or operated in the city or commercial urban area named in the affidavit requesting the tax exemption and "the vehicle will not be used outside of such city and the area above set out [in KRS 281.605(2)] during the current registration period." The statute thus would allow a nonresident to operate its truck solely within the confines of such a non-border city like the Lexington urban area as well as a border city area without paying the Kentucky weight tax if it found it profitable to do so. This construction of the statute is fortified by its express provision declaring: "Operation outside of this state shall not be considered in determining whether or not this exemption applies." In other words, a specific vehicle owned by a nonresident and registered in a sister state may be used solely in a specific urban area in Kentucky without being subject to the Kentucky weight tax regardless of whether the vehicle is used in interstate commerce or only within the designated urban area of this state.

It is our conclusion that KRS 281.605(2) permits a weight tax exemption to nonresident property carriers for a specific vehicle in a specific urban area and no other. As an exemption from taxation, the statute should be narrowly construed and its effects confined to a narrow orbit. We are compelled to assume that the Legislature had a purpose in mind in specifically changing the statute as it did—that the changes were intentional and not fortuitous. As a consequence, no vested rights accrued to the complaining carriers in the Department's tardy failure to change its regulation to conform to the changes made in the statute for, after all, it is the statute which controls, not the regulation.

The judgment is reversed with directions to enter a judgment in conformity with this opinion.