**Terry W. BUTLER, Appellant,**

v.

**Ralph GROCE, Clinton Circuit Court Clerk and Commonwealth of Kentucky, Transportation Cabinet, Division of Drivers' Licensing, Appellees.**

No. 93–SC–179–DG.

Supreme Court of Kentucky.

May 26, 1994.

Rehearing Denied Sept. 1, 1994.

David M. Cross, Albany, for appellant.

Lisabeth Hughes Abramson, Hirn Reed & Harper, Louisville, Helen C. Helton, Asst. Gen. Counsel, Office of General Counsel,

Transp. Cabinet, Frankfort, James R. Cox, Hirn, Reed & Harper, Louisville, Patricia K. Foley, Dept. of Highways, Lexington, for appellees.

Kentucky Ass'n of Criminal Defense Lawyers, Wilbur M. Zevely, Officer, Florence, Harry P. Hellings, Jr., Hellings and Nutter, P.S.C., Covington, amicus curiae.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which affirmed a summary judgment of the Clinton Circuit Court which dissolved a temporary restraining order and held that the district court was bound by the records of the Transportation Cabinet for characterization of a driving under the influence offense.

The issues raised are whether the period of license revocation provided in KRS 189A.070 is mandatory and not subject to the discretion of the district courts and whether only first offenders may be issued hardship licenses pursuant to KRS 189A.410.

On October 7, 1991, Butler pled guilty to the charge of driving under the influence in violation of KRS 189A.010, "a first offense." He was treated as a first offender and ordered to pay a $200 fine and costs, given a 30–day suspended jail term and ordered to complete an alcohol treatment program. For license revocation purposes he was also considered a first offender and his license revocation was for 90 days. However, the records of the Transportation Cabinet indicated that Butler had a prior DUI conviction in 1988 in Jefferson District Court. On November 13, the Clinton District Court, having unilaterally characterized the offense as a first offense, granted Butler a hardship license. The Circuit Clerk refused to honor the order because as a second offender, Butler was not entitled to a hardship license pursuant to KRS 189A.410. Thereafter, Butler obtained a writ of mandamus from the Clinton Circuit Court requiring the Clerk to issue the hardship license and further securing a restraining order prohibiting the Transportation Cabinet from interfering with the issuance of the hardship license. The Transportation Cabinet then obtained an order dissolving the restraining order and the Circuit Court entered a summary judgment holding that the district court was bound by the records of the Transportation Cabinet as to the number of offenses. Accordingly, Butler's license was suspended for one year as provided by KRS 189A.070(1)(b). This appeal followed.

Butler argues that the exclusive authority to determine license suspensions under the 1991 extraordinary session DUI law is vested in the district court. Therefore, he claims the court may consider the DUI offense as a first offense, even if the transportation records show otherwise for purposes of license suspension and for the purpose of the issuance of a hardship license. Butler contends that *Division of Drivers' Licensing v. Bergmann,* Ky., 740 S.W.2d 948 (1987), no longer controls because the General Assembly changed the DUI statute in 1991. We disagree.

■ The license revocation periods provided in KRS 189A.070 are mandatory and not subject to the discretion of the district court. KRS Chapter 189A protects the statewide interest in removing drunk drivers from the highways in two separate, although of necessity related, ways. KRS 189A.010(4) provides criminal penalties, while KRS 189A.070 establishes license revocation periods which are progressively longer with each repeated offense. This case involves license revocation only.

■ License revocation is a noncriminal consequence of driving under the influence. Revocation is not a punishment but rather a precautionary measure to protect the safety of the public. *Commonwealth v. Steiber,* Ky. 697 S.W.2d 135 (1985).

The statutes require that once a license is revoked, the courts are to transmit the conviction record to the Transportation Cabinet where all of the drivers' DUI offenses are recorded in a centralized statewide system of driving history.

■ Butler contends that the license revocation provisions turn entirely on the characterization of the offense by the district court. Here, there can be no dispute that Butler had accumulated two DUI convictions within

the relevant five-year period. He now claims he is entitled to treatment as a first offender for license revocation because he entered into a plea agreement with the local prosecutor with regard to the criminal sanctions related to his conduct. This argument is premised on the addition in 1991 of the three words "by the court" to KRS 189A.070(1). The adoption of the contention by Butler would mean that each district court in Kentucky is free to determine a DUI offense as it chooses without regard to the number or historical record of the Transportation Cabinet, and therefore impose a different revocation period than that provided by the statute. We cannot agree. The mandatory language of the statute requires a conclusion that the words "by the court" only clarifies the conclusion of this Court in *Steiber, supra,* that revocation is "court administered" because the court enters the final judgment.

KRS 189A.070 retains the word "shall" and the revocation period stated therein remains mandatory, as held by *Bergmann, supra.* Although *Bergmann* was decided before the 1991 DUI statute was enacted, we hold that it is still authority for the proposition that a court cannot change the number of a DUI offense by merely characterizing a conviction as a first offense.

There can be no doubt that the district court has jurisdiction to determine a DUI sentence and suspension but the court must comply with the statute in making any such decision insofar as it relates to revocation. Once a conviction is obtained, the district court is required to report the conviction and revocation to the Transportation Cabinet.

The use of the word "shall" indicates that the statute is mandatory in the absence of any legislative intent otherwise. Here there was no showing of legislative intent to the contrary. *Cf. Commonwealth v. Raines,* Ky., 847 S.W.2d 724 (1993). Any fair reading of KRS 189A indicates that the legislation adopted in the 1991 extraordinary session was intended to heighten the protection of the public from drunk drivers through a detailed statute which would be applied uniformly throughout the Commonwealth.

■ In substantially reenacting a statute, the legislature is well aware of the interpretation of the existing statute and has adopted that interpretation unless the new law contains language to the contrary. *Brown v. Harrodsburg,* Ky., 252 S.W.2d 44 (1952). If the legislators intended to depart from the existing statutory interpretation, it is incumbent that they use "plain and unmistakable language" which leaves no doubt that a departure from the prior interpretation is intended. *Long v. Smith,* 281 Ky. 512, 136 S.W.2d 789 (1940).

■ The use of the three words "by the court" did not reach such a level. The General Assembly did not intend to grant totally unfettered discretion to the district courts. The rationale and historical review of the statutes set out in *Bergmann* is sound and we adopt it once again.

KRS 189A.310 specifically indicates the only procedures for deviating from the mandatory revocation period. Although that statute may not be an issue here, it clearly indicates the intentions of the General Assembly to the effect that district courts have not been given total discretion.

The claims of evidentiary problems with introducing evidence of alcohol levels and speculation about other practical problems, real or imagined, are more suited to be addressed through legislation and not by the appellate courts in construing the binding statutory system adopted by the General Assembly for the benefit of all the people of the Commonwealth.

■ District courts have jurisdiction to issue hardship licenses pursuant to KRS 189A.410 only to first offenders. In exercising such jurisdiction, the district court is bound by Kentucky statutes and the statute clearly limits hardship licenses to true first offenders. Butler, as a second offender, does not qualify for such an exemption. Even though the trial court calls the DUI conviction a first offense, if the Transportation Cabinet's records show otherwise, the district court may not grant a hardship license.

It is the holding of this Court that license revocation periods provided in KRS 189A.070 are mandatory and not subject to the discretion of the district court. It is our further

holding that district courts have jurisdiction to issue hardship licenses pursuant to KRS 189A.410 only to true first offenders.

The decision of the Court of Appeals is affirmed.

STEPHENS, C.J., and LEIBSON, REYNOLDS, SPAIN and STUMBO, JJ. concur.

LAMBERT, J., dissents by separate opinion.

LAMBERT, Justice, dissenting.

This Court's 1987 opinion in *Division of Driver Licensing v. Bergmann,* Ky., 740 S.W.2d 948 (1987), held that the applicable period of drivers license revocation was not governed by characterization of the offense as a first, second or third offense, but by the actual number of convictions sustained during the relevant time period. By this approach, the offenses are simply counted to determine the applicable duration of license suspension and the court's characterization of the offense as first, second or third, etc., is irrelevant.

Evidently, the General Assembly was not satisfied with its enactment, or with our construction of it for in 1991 it amended the statute. By the amendment, language was added to KRS 189A.070 which provided that for violation of the underlying DUI statute, revocation shall be "by the court." In at least three places in the amended version of KRS 189A.070, language such as "the court" or "by the court" was added. Despite this statutory change, the majority has held that the result is the same: to determine the number of convictions for purposes of duration of suspension, the Division of Drivers' Licensing merely counts the number of offenses. The language added to the statute in 1991 is thereby rendered meaningless.

A universally accepted rule of statutory construction is that the General Assembly is presumed to know the status of the law and the constructions placed on it by the courts. *Baker v. White,* 251 Ky. 691, 65 S.W.2d 1022 (1933); *Commonwealth, Depart. of Banking & Secur. v. Brown,* Ky., 605 S.W.2d 497 (1980). With enactment of a more recent statute, prior enactments on the same subject are presumed to have been in the mind of the Legislature, especially when there have been decisions of the Court relative thereto. *Rose v. Turner,* 301 Ky. 272, 191 S.W.2d 397 (1945). In construing a statute, a court must presume that the Legislature intended something by what it attempted to do. *Grieb v. National Bond and Invest. Co.,* 264 Ky. 289, 94 S.W.2d 612 (1936). And courts must presume that the amendment of a statute was intended to change the law. *Whitley County Board of Education v. Meadors,* Ky., 444 S.W.2d 890 (1969); *Blackburn v. Maxwell Co.,* Ky., 305 S.W.2d 112 (1957).

When the foregoing rules of statutory construction are applied here, the inescapable conclusion is that the General Assembly intended to overrule *Bergmann* and restore the traditional power of trial courts to characterize offenses. To conclude, as has the majority, that the addition of the three words "by the court" results in no change in the law violates the most fundamental rules of statutory construction and destroys legislative power to bring about change. To explain away the addition to the statute, the majority engages in sophistry by saying this merely reiterates the power of trial courts to render final judgments, hardly a debatable proposition.

The bottom line of this case is that we decided *Bergmann,* the Legislature changed the statute, but *Bergmann* remains the law.