**Judd KOHLER, Appellant,**

v.

**COMMONWEALTH of Kentucky, TRANS-
PORTATION CABINET; Common-
wealth of Kentucky, Justice Cabinet;
and Honorable Robert E. Goebel, Dis-
trict Judge, Appellees.**

No. 96–CA–0138–MR.

Court of Appeals of Kentucky.

March 21, 1997.

Case Ordered Published by
Court of Appeals May 9, 1997.

Richard T. Ford, Owensboro, for appellant.

W. David Shearer, Jr., P.S.C., Louisville,
for appellee Transportation Cabinet.

Before COMBS, DYCHE and
EMBERTON, JJ.

DYCHE, Judge.

Appellant Judd Kohler was convicted of
driving while under the influence of intoxi-
cants ("DUI") on May 21, 1991, and Decem-
ber 12, 1991. Following an amendment to
the DUI statute effective July 1, 1991, Koh-
ler was again charged with such a violation.
He entered a plea of guilty to the charge on
October 31, 1994; by agreement of the Com-
monwealth, the conviction was denominated a
"second offense." On November 22, 1994,
the trial court entered an order purporting to
direct appellee Transportation Cabinet, Divi-
sion of Driver Licensing, to "treat this [the
conviction] as a second offense because of the
*Botkin* decision."

The trial court's order referred to a non-
final opinion in *Botkin v. Commonwealth*
which held that convictions under the amend-
ed statute could not be enhanced due to prior
convictions under the old law. At the time
the order was entered by the trial court, a
petition for rehearing was pending in the
*Botkin* case; the petition was ultimately
granted, resulting in a new opinion which
allowed the use of "old law" convictions for
enhancement purposes. *Botkin v. Common-
wealth,* Ky., 890 S.W.2d 292 (1994).

The Transportation Cabinet initiated this
action in the Daviess Circuit Court seeking a
Writ of Prohibition (CR 81) against the en-
forcement of the trial court's order. Kohler
intervened as real party in interest. The
matter was briefed, and the trial court grant-

ed the writ. This appeal followed. We affirm.

 *Butler v. Groce,* Ky., 880 S.W.2d 547 (1994), held that the district court has no discretion in determining the period of driver licensing revocation for violations of the DUI statutes. It is clear from that case that the order of the Daviess District Court was void *ab initio.* In addition, any reliance on a non-final opinion of an appellate court is misplaced. CR 76.30(2); SCR 1.030(8)(a), 1.040(5).

Appellant's second argument appears to us to be an exercise in rhetoric, without any application to the present case. There is no allegation of lack of due process or arbitrariness in the handling of Kohler's driver's license; and, as shown below, there are no double jeopardy implications herein.

Kohler maintains that license suspension following conviction for DUI constitutes double jeopardy, or perhaps more precisely, double punishment. We disagree.

License revocation is a noncriminal consequence of driving under the influence. Revocation is not a punishment but rather a precautionary measure to protect the safety of the public. *Commonwealth v. Steiber,* Ky., 697 S.W.2d 135 (1985).

*Butler,* 880 S.W.2d at 548. *See also,* Judith E. Dayok, *Administrative Driver's License Suspension: A Remedial Tool That is Not in Jeopardy,* 45 Am. U.L.Rev. 1151 (1996).

The order of the Daviess Circuit Court is affirmed.

All concur.