**Donald Michael PLETCHER,**
**Appellant,**

v.

**COMMONWEALTH of Kentucky,**
**Appellee.**

No. 1997–CA–001159–DG.

Court of Appeals of Kentucky.

Sept. 25, 1998.

Discretionary Review Denied
by Supreme Court June 9, 1999.

Joseph G. Glass, Louisville, for Appellant.

Mike Conliffe, Jefferson County Attorney, B. Keefe Montgomery, Assistant Jefferson County Attorney, Louisville, for Appellee.

Before GUDGEL, C.J., and COMBS and EMBERTON, JJ.

## OPINION

GUDGEL, Chief Judge.

This matter is before us on discretionary review of an opinion and order entered by the Jefferson Circuit Court, which reversed and remanded certain orders of the Jefferson District Court. The circuit court adjudged that the state and federal double jeopardy clauses are not violated by the institution of proceedings pursuant to the habitual violator provisions set out in KRS 186.641, *et seq.*, whereby a convicted habitual violator is precluded from obtaining an operator's license for a period of five years even if his or her operator's license has already been revoked for two years based upon a third-offense conviction of driving while intoxicated (DUI) pursuant to KRS 189A.070(1)(c). The court also held that by enacting KRS 189A.070(1)(c) in 1984, as amended in 1991, the Kentucky General Assembly did not intend to repeal KRS 186.646(1) by implication. Perceiving no error in the circuit court's rulings, we affirm.

On September 9, 1993, appellant Donald Pletcher pled guilty to third-offense DUI. In addition to the penalties imposed pursuant to KRS 189A.010, appellant's operator's license was ordered suspended for two years pursuant to KRS 189A.070(1)(c). Some three months later, an assistant county attorney filed an information alleging that appellant was a habitual violator as defined in KRS 186.642(2), and that the court therefore should declare him ineligible to obtain an operator's license for five years from the date of his conviction. The district judge declined to do so, and instead determined that the state and federal constitutional guarantees against double jeopardy would be violated by proceeding against appellant as a habitual violator after his license already was suspended due to his DUI conviction, as he then would be subjected to multiple punishments for the same offense. The court alternatively concluded that in any event, KRS 189A.070(1)(c) had repealed the penalty provisions of KRS 186.646(1) by implication. The district judge's decision was reversed on appeal to the circuit court, and we granted appellant's motion for discretionary review.

First, appellant contends that the Commonwealth has subjected him to multiple punishments for the same offense in viola-

**854**

tion of his constitutional rights against double jeopardy. We disagree.

Appellant in effect argues that a proceeding under Kentucky's habitual violator statutory scheme essentially constitutes a criminal proceeding because (1) a criminal information is filed by a county attorney, (2) the applicable statutes refer to the "guilt" and "conviction" of the "accused," (3) the case is heard by a district judge with authority to impose criminal penalties, and (4) the right to appeal must be exercised in accordance with the rules applicable to criminal proceedings. Appellant argues that it is therefore clear that habitual violator proceedings are intended to constitute criminal prosecutions. Moreover, since habitual violators incur severe license sanctions in addition to the sanctions imposed pursuant to the applicable DUI statutes, appellant urges that habitual violator proceedings clearly are equivalent to criminal proceedings.

Appellant therefore urges that since it appears that the legislature intended the habitual violator statutes to be criminal rather than civil in nature, and since the applicable penalties amount to criminal punishments in purpose or effect, he clearly and impermissibly has been subjected to multiple punishments for the same offense. *See North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). However, appellant's entire double jeopardy argument is seriously flawed since its basic premise, that a court-ordered suspension or revocation of an operator's license is a "criminal punishment," is untenable. Indeed, just the opposite is true.

 The operation of an automobile is a privilege, not a right, which is subject to reasonable regulation by the state pursuant to its police power. *Commonwealth, Transportation Cabinet v. Cornell,* Ky. App., 796 S.W.2d 591 (1990). As a legitimately regulated privilege, the right to possess an operator's license does not involve an inherently fundamental and constitutionally protected right. *Division of Driver Licensing v. Bergmann,* Ky., 740

S.W.2d 948 (1987). Moreover, proceedings to revoke or suspend a license are intended not to punish, but rather to advance the compelling state interest in protecting the public by removing drunk drivers from the highways. *Butler v. Groce,* Ky., 880 S.W.2d 547 (1994). Further, conviction as a habitual violator does not require proof of criminal intent to commit the offense, and the statutory restraints imposed upon the violator's operation of a motor vehicle do not approach the levels of restraint imposed by imprisonment after criminal prosecutions. Thus, contrary to appellant's argument, it is clear that habitual violator proceedings involve civil rather than criminal sanctions, and we find no significance in the fact that the habitual violator statutes utilize some of the same terms used in criminal statutes and prosecutions. Finally, as nothing precludes civil and criminal proceedings from sharing common goals, it is not significant that appellant's habitual violator conduct is also punishable as a criminal offense, or that deterrence may be the goal of both types of proceedings. Hence, we conclude that there has been no violation of the protections afforded by the double jeopardy clause in criminal proceedings. *See Hudson v. United States,* 522 U.S. 93, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997). *See also Kohler v. Commonwealth,* Ky.App., 944 S.W.2d 146 (1997). Our conclusion in this vein is supported by numerous authorities from other jurisdictions. *See, e.g., State v. Funke,* 531 N.W.2d 124 (Iowa 1995).

Next, appellant contends that the Kentucky General Assembly's adoption of KRS 189A.070(1)(c) in 1984, as amended in 1991, providing for the two-year suspension of the operators' licenses of persons convicted of third-offense DUI, signified its intention to repeal by implication both KRS 186.642(2) (defining habitual violators) and KRS 186.646(1) (providing for five-year license suspensions). Again, we disagree.

 The doctrine of repeal by implication is not favored, and it will be applied

only if a newer statute is so repugnant to, or irreconcilable with, an earlier statute that no other reasonable construction can be found. *Sumpter v. Burchett*, 304 Ky. 858, 202 S.W.2d 735 (1947). In short, a repeal by implication will be found to exist only if it is impossible to uphold both of the statutes in question. *Hallahan v. Sawyer*, Ky., 390 S.W.2d 664 (1965). We perceive no basis for invoking this doctrine herein.

KRS 189A.070(1)(c) mandates that the license of a person who is convicted of a third-offense DUI within a five-year period shall be revoked by the court for two years. The habitual violator statutory scheme, by contrast, imposes the burden on county attorneys to initiate such proceedings in district court by filing informations against persons who are certified by the transportation cabinet as habitual violators as defined in KRS 186.642. If the court determines after a hearing that such a person is a habitual violator, the court must order that person not to operate a motor vehicle upon public highways, and the transportation cabinet is prohibited from issuing an operator's license to that person until the expiration of the statutory period of time for the particular offense involved.

We find no basis for concluding that KRS 189A.070(1)(c) and the habitual violator statutes are repugnant and irreconcilable. Indeed, there is no reason that a statutorily required two-year suspension of a person's operator's license after a third-offense DUI conviction cannot be reconciled with a five-year suspension of eligibility for an operator's license after a related habitual violator civil proceeding. In the first place, one proceeding is a criminal prosecution, while the other is a civil matter involving noncriminal sanctions. Moreover, nothing in the applicable statutes precludes the concurrent running of periods of license suspension and license ineligibility. Thus, while imposing suspensions under two different statutes may have a duplicative effect, the applicable

criminal suspension and habitual violator statutes are not thereby rendered so repugnant and irreconcilable that one statute must be deemed to repeal the other by implication. Instead, we believe that the legislative intent embodied in the statutes at issue was to ensure that third-offense DUI violators' licenses would be revoked for at least two years pursuant to KRS 189A.070(1)(c), even in the absence of habitual violator prosecutions. Viewed in this light, the legislation in issue can be harmonized and interpreted so as to give effect to all of the questioned statutes, consistent with our duty to do so. *Commonwealth v. Halsell*, Ky., 934 S.W.2d 552 (1996). Accordingly, we decline to hold that KRS 189A.070(1)(c) was legislatively intended to repeal by implication KRS 186.646(1).

The circuit court's opinion and order are affirmed.

ALL CONCUR.