ROBERT J. RICHARDSON, District Attorney, Pierce County
You advise that the Pierce County Board intends to elect a new highway commissioner at its Tuesday, November 14, 1972, regular meeting. One of the persons being considered for appointment to said position is an incumbent county supervisor currently serving a term of office which expires in 1974. Based on the foregoing fact situation, you inquire as follows:
"Can a County Board of Supervisors appoint an incumbent supervisor to the position of county highway commissioner during the term for which the supervisor was elected if the incumbent supervisor resigns his office as supervisor prior to his appointment *Page 425 
to the highway commissioner position, or in the alternative, if the county supervisor resigns his office prior to his assuming duties and receiving remuneration as county highway commissioner?"
Section 59.03 (3), Stats., provides:
"(3) COMPATIBILITY. No county officer or employe is eligible to the office of supervisor, but a supervisor may also be a member of a town board, the common council of his city or board of trustees of his village."
Section 66.11 (2) Stats., provides:
"ELIGIBILITY OF OTHER OFFICERS. Except as expressly authorized by statute, no member of a town, village, or county board, or city council shall, during the term for which he is elected, be eligible for any office or position which during such term has been created by, or the selection to which is vested in, such board or council, but such member shall be eligible for any elective office. The governing body may be represented on city or village boards and commissions where no additional remuneration is paid such representatives and may fix the tenure of such representatives notwithstanding any other statutory provision. This subsection shall not apply to a member of any such board or council who resigns from said board or council before beingappointed to an office or position which was not created during his term in office." (Emphasis added)
As you point out in your letter, it is clear that sec. 59.03
(3) Stats., absolutely precludes a county supervisor from simultaneously serving as an officer or employe of the county. The question, therefore, arises as to the circumstances under which an incumbent county board supervisor may make himself eligible for an appointment to the highway commissioner's position. Those circumstances are specifically set forth in sec. 66.11 (2), Stats.
Section 66.11 (2), Stats., makes it clear that the disability to serve during the term for which the county supervisor is elected would be applicable if the position of county highway supervisor was created during the term for which the supervisor was elected. It was not. However, it is obvious that the selection of a new county commissioner arises during the term for which the *Page 426 
incumbent county supervisor is elected. Such being the case, before the incumbent county supervisor would be eligible for consideration for appointment as highway commissioner, it would be necessary for him to resign from the county board. See the last sentence of sec. 66.11 (2), Stats. As previously pointed out by our office in 55 OAG 260 (1966), an incumbent supervisor takes a risk in resigning his office before the board acts, since he cannot be assured of being selected to the office or position being filled.
RWW:JCM