ROBERT P. RUSSELL, Corporation Counsel Milwaukee County
You advise that Milwaukee County has acquired a public transportation system under authority granted in sec. 59.968, Stats., and has created a transit board to operate and maintain the system. The county ordinance provides that three board members are appointed by the county executive and confirmed by the county board. An amendment to the ordinance would provide that one member be a county supervisor to be appointed by the chairman of the county board and confirmed by the county board.
You inquire whether a county board which has created a board to administer a county transit system under powers granted in secs. *Page 232 
59.025 (3), (4) and 59.968 (7) (c), Stats., can designate the chairman of the county board as the appointing authority for members of such board.
The language of the cited statutory provisions requires a yes answer.
A second question which must be answered is whether a county board member may be appointed to and serve on such transit board.
I am of the opinion that such member cannot serve on such board and continue to serve as county board supervisor. But, the county board could create a committee composed solely of county board members pursuant to sec. 59.06, Stats., and could, pursuant to sec. 59.025 (3) (c), Stats., transfer all of the duties of the transit board to such committee. The power of appointment would be in the county board chairman without right of confirmation by the county board.
Section 59.968, Stats., provides, in part, that:
"Any county board may:
"***
"(7) Upon the acquisition of a transportation system:
"***
 "(c) Delegate responsibility for the operation and maintenance of the system to any appropriate administrative officer, board or commission of the county notwithstanding s. 59.965 or any other section of the statutes."
Section 59.965 (2), Stats., provides, in counties over 500,000, for a county expressway and transportation commission composed of four members appointed by the Governor and one by the county executive. Subsections (1) and (4) of sec. 59.967, Stats., provide that any county may have a transit commission of not less than "7 members to be appointed by the county board . . . except that in any county having a county executive, he shall make said appointments"; and sec. 59.967 (5)(b), Stats., provides, "No transit commissioner shall hold any other public office." In view of the express exception set forth in sec. 59.968 (7)(c), Stats., neither sec. 59.965 (2), Stats., nor subsecs. (1) and (4) of sec. 59.967, Stats., would prevent the county board chairman from being the appointing power or prohibit county board *Page 233 
members from serving on the transit board. However, secs. 59.03
(4) and 66.11 (2), Stats., would make county board members ineligible to concurrently serve on the transit board. See 61 Op. Att'y Gen. 424 (1972) and 65 Op. Att'y Gen. 303 (1976).
Subsections (2), (3) and (4) of sec. 59.025, Stats., provide, in material part:
 "(2) . . . The powers hereby conferred shall be in addition to all other grants and shall be limited only by express language but shall be subject to the constitution and such enactments of the legislature of statewide concern as shall with uniformity affect every county. In the event of conflict between this section and any other statute, this section to the extent of such conflict shall prevail.
 "(3) Creation of offices. Except for the offices of supervisor, judge, county executive and county assessor and those officers elected under section 4 of article VI of the constitution, the county board may:
 "(a) Create any county office, department, committee, board, commission, position or employment it deems necessary to administer functions authorized by the legislature.
 "(b) Consolidate, abolish or reestablish any county office, department, committee, board, commission, position or employment.
 "(c) Transfer some or all functions, duties, responsibilities and privileges of any county office, department, committee, board, commission, position or employment to any other agency including a committee of the board.
 "(4) Selection process for offices. The county board may determine the method of selection of any county offices except for the offices of supervisors, judges, county clerk, county treasurer, clerk of courts, county executive and county assessor and those officers elected under section 4 of article VI of the constitution. The method may be by election or by appointment and, if by appointment, the county board shall determine the appointing authority, subject to ss. 59.031 and 59.032." *Page 234 
I am of the opinion that the position of county transit member would constitute an office within the meaning of sec. 59.025 (4), Stats., and that neither the transit board nor a transit board member would constitute a head of department as that term is used in sec. 59.031 (2)(b), Stats.
Section 59.025 (4), Stats., requires that where the method of selection is by appointment, as here, "the county board shall determine the appointing authority, subject to ss. 59.031 and 59.032."
Section 59.031 (2)(c), Stats., which is applicable to counties over 500,000, provides that the county executive shall:
 "Appoint the members of all boards and commissions where such appointments are required after August 27, 1959 and where the statutes provide that such appointment shall be made by the county board or the chairman of the county board. All appointments to boards and commissions by the county executive shall be subject to the confirmation of the county board."
The statutes do not expressly provide for a transit board of the type established in Milwaukee County and hence do not provide that such appointment shall be made by the county board or chairman of the board. Appointment by the chairman of the county board is proposed to be authorized by an ordinance of the county board.
Section 59.032 (2)(c), Stats., which is applicable to counties under 500,000, provides that the county executive shall "Appoint the members of all boards and commissions where the law provides that such appointment shall be made by the county board or the chairman of the county board." Section 59.033 (2) (c), Stats., which applies to county administrators in counties under 500,000, uses the "where the statutes provide that such appointment shall be made by the county board or the chairman of the county board" phrase, which is similar to that used in sec. 59.031 (2)(c), Stats
Whereas it can be argued that a county ordinance would constitute a law as that term is used in sec. 59.032 (2)(c), Stats., I am of the opinion that it would not; and I am of the opinion that an ordinance enacted under sec. 59.025 (4), Stats., does not constitute a statute as that term is used in sec. 59.031 (2)(c), Stats. In Werner v. *Page 235 Pioneer Cooperage Co., 155 S.W.2d 319 (Mo. 1941), and Baker v.White, 251 Ky. 691, 65 S.W.2d 1022 (1933), it was held that the word "statute" does not include a county ordinance.
Since the statutes do not provide that the appointment to the transit board shall be made by the county board or the county board chairman, a county over 500,000 which has created a transit board under sec 59.025 (3)(a), Stats., can, pursuant to sec. 59.025 (4), Stats., determine that appointment of members shall be by the chairman of the county board with confirmation by the board and thus exclude the county executive from exercising the appointing power.
However, whether appointment is by the chairman of the county board, county board or county executive, subject to confirmation by the county board, a member of the county board cannot be appointed to such board and continue to serve as supervisor. There is no statute which expressly permits a county board supervisor to serve on a transit board of the type contemplated by Milwaukee County; the board is not a committee of the county board appointed pursuant to sec. 59.06, Stats., membership of which must be limited to county board members, and membership on the transit board constitutes an office separate and apart from that of supervisor.
Section 59.03 (4), Stats., provides:
 "Compatibility. No county officer or employe is eligible to the office of supervisor, but a supervisor may also be a member of a town board, the common council of his city or the board of trustees of his village."
Whereas the proposed ordinance contemplates appointment by the county board chairman and confirmation by the county board, confirmation is a part of the appointment process, and a supervisor would be ineligible under sec. 66.11 (2), Stats., which provides:
 "Eligibility of other officers. Except as expressly authorized by statute, no member of a town, village or county board, or city council shall, during the term for which he is elected, be eligible for any office or position which during such term has been created by, or the selection to which is vested in, such board or council, but such member shall be eligible for any elective office. The governing body may be represented on city or village *Page 236 boards and commissions where no additional remuneration is paid such representatives and may fix the tenure of such representatives notwithstanding any other statutory provision. This subsection shall not apply to a member of any such board or council who resigns from said board or council before being appointed to an office or position which was not created during his term in office."
The office is proposed to be created during the term of the supervisor, and the county board is to be a part of the selection process.
BCL:RJV